297 So.2d 431 (1974)
STATE of Louisiana, Appellee,
v.
Eddie HARRIS, Jr., Appellant.
No. 54561.
Supreme Court of Louisiana.
July 1, 1974.
*432 Stephen J. Katz, Kidd, Katz & Halpin, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J., Carl Parkerson, Dist. Atty., Charles A. Traylor, II, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of aggravated rape, La.R.S. 14:42, and sentenced to life imprisonment at hard labor. On his appeal, he relies upon five bills of exceptions.
We find no merit to the contentions urged, for the following reasons:
Bills Nos. 1 and 2: The defendant, a male, cannot under our jurisprudence complain of the effective exclusion of females from the grand and petit jury venires. State v. Gray, 291 So.2d 390 (La. 1974).
Bill No. 3: This bill was taken as to the denial of a motion to quash the indictment for failure to afford a speedy trial.
The defendant was arrested on December 19, 1972 for another offense. An affidavit for his arrest for rape was executed on December 26. His discharge or bail on the charge was refused at a preliminary hearing held February 1, 1973, promptly after his counsel applied for same.
He was indicted by the grand jury on April 12 and formally arraigned April 23. On July 6 (after the court had gone into its July-August recess), the defendant filed a motion for a speedy trial; this was heard on August 9th and a trial date of October 9th then assigned. (The trial was actually held on October 11th.) On August 20, the defendant filed the present motion to quash for denial of a speedy trial.
The speedy trial guarantee of the Sixth Amendment to the United States Constitution applies to prosecutions in state courts. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In determining whether this constitutional right has been offended, the fixed-time period provided by statute or court rule is not determinative. 92 S.Ct. 2188-2191. Rather, the issue is determined by "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." 2191-2192. Four of the factors to be assessed by the courts in determining, in each instance, whether a defendant has been denied a speedy trial are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 92 S.Ct. 2192.
The delay of ten months between the arrest and the trial is not unreasonable, especially in the light of the seriousness of the crime and the necessity for grand jury assessment of the charge. The reasons for the delay are not shown to have been due to any procrastination or unwillingness to try the case on the part of the state; the charges were initially weighed by preliminary examination and grand jury as quickly as possible, and the defendant's motions *433 were considered relatively quickly after filing. The defendant was, in fact, tried three months after his request for a speedy trial; considering the backlog and the recess, this is certainly not an inordinate delay. No other prejudice than the delay itself is claimed by the defendant.
We therefore do not find that the defendant's constitutional right to a speedy trial was violated.
Bill No. 4: The confession is shown to have been freely and voluntarily made, after the Miranda warnings. The motion to suppress it was properly denied.
The defendant's additional contention is that it should not have admitted, as allegedly being the product of an illegal arrest. Aside from the reasons shown by the trial court indicating the present to be a legal arrest, we are aware of no authority that a free and voluntary confession should not be admissible because the vagrancy statute under which the accused is initially arrested is allegedly unconstitutional or of borderline application, where in fact no coercive police procedures negated the free and voluntary nature of the confession. See McCormick on Evidence, Section 156 (2d ed. 1972). See also State v. Simien, 248 La. 323, 178 So.2d 266 (1965).
Bill No. 5: The trial court properly denied a motion to suppress the line-up identification. The line-up occurred the day after the petitioner's arrest, but before the defendant was charged. He had no lawyer at the time. He voluntarily appeared, after being informed that he was under suspicion for rape, and after signing (after explanation) a waiver of any right to have a lawyer present. The line-up is shown to have been fairly conducted. We find no basis to suppress the line-up identification.

Decree
The conviction and sentence are affirmed.
Affirmed.