TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced as a multiple offender to fifteen years at hard labor.
We find no merit to the three bills of exceptions he relies upon for reversal:

Bill Nos. 1 and 3:

These bills were taken to the overruling of objections as to admission of certain photographs. The ground for the objection is that the police photographer did not testify, nor was the witness who identified the pictures (as accurate representations of the objects shown) present when the photographs were taken. The witness was the victim of the crime, and the photographs showed the condition of his premises after the burglary, and the objects stolen as they appeared in the burglar’s car where it was stopped after the burglary about 200 yards from the victim’s home.
The testimony of the witness identifying the photographs laid an adequate foundation for their introduction. State v. Browning, 290 So.2d 322 (La.1974). The trial judge properly admitted them.

Bill No. 2:

The grounds for this bill require some reference to the facts :
While cruising in their unmarked vehicle, two police officers saw the defendant and three other men in a white automobile. They recognized the defendant and another occupant of the vehicle as persons whom they had previously arrested.
The officers followed the white car, saw it stop, and saw the occupants knock on the doors to several homes in the neighborhood until they found one where no one was at home. During the process, the officers radioed for other detective units. The police officers witnessed the burglary. They then stopped the burglars’ car and arrested the occupants, after they had loaded the goods stolen from the home into the trunk and started to leave the scene.
No objection was made on direct examination when the officer testified that he recognized the defendant and a companion from previous arrests of them. On cross-examination, the officer was first questioned^ by the defendant’s counsel as to whether he himself was personally present on a former arrest occasion, which concerned the defendant’s companion (the driver and owner of the car).
Then, continuing the cross-examination, the defense counsel asked: “And you started following these individuals simply because the driver of the car and the car was suspect, is that correct ?”
A mistrial was requested, when the officer replied: “Because two of the people in the car are known police characters.” This bill was taken as to the denial of this allegedly prejudicial reply by the officer-witness.
We fail to see any error in the ruling denying a mistrial. The information in question was already in testimony, without objection, on direct examination. In context, further, it was an accurate answer and responsive to the question, which had asked the officer if he was following the car because of suspicion of the driver only. Under the circumstances, we do not believe the answer was prejudicial or the ruling erroneous.

Other Contentions:

The defendant’s court-appointed counsel for the appeal also calls attention, at the defendant’s request to his motion for a new trial and to the defendant’s post-conviction application for a new trial, both based upon the alleged ineffective assist- *438 anee of (other) appointed counsel at the trial.
We note that the record disproves at least some of the contentions (e. g., witnesses were produced in support of the defense of entrapment, Tr. 114 — 125). At least on the basis of the trial record, the allegations of ineffective counsel appear to be without substantial merit.
In any event, this sort of attack upon a conviction has traditionally been considered by post-conviction proceedings rather than upon the appeal. We do not believe that, under the circumstances here shown, a different approach is required by Act 207 of 1974, which abolished the necessity for bills of exceptions and, as to trial court rulings on written motions, requires for re-viewability no formality. See La.C.Cr.P. art. 841 (as amended by Act 207 of 1974).

Decree

For the reasons assigned, the conviction and sentence are affirmed.
Affirmed.
SUMMERS, J., concurs.