320 So.2d 182 (1975)
STATE of Louisiana, Appellee,
v.
Leroy JONES, Appellant.
No. 56003.
Supreme Court of Louisiana.
October 1, 1975.
*183 Edward S. Bopp, a Law Corp., Arabi, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Gilbert V. Andry, III, Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant Jones was convicted of manslaughter La.R.S. 14:31, and sentenced to twenty-one years at hard labor. We find no merit to any of the seven bills of exceptions urged on appeal as ground for reversal, for the following reasons:
Bill No. 1: The defendant was fully permitted to examine the racial prejudices, if any, of the prospective jurors. This bill was taken to the trial court's sustaining a State objection to one particular question as to one particular juror (who was later peremptorily challenged by the defense): "What would your feelings be if your son started taking out a colored girl?" The trial court did not abuse its discretion in disallowing the hypothetical question as irrelevant and potentially misleading insofar as the issue of racial bias, State v. Scott, 307 So.2d 291 (La.1975), especially since the ruling expressly did not preclude relevant and rational examination of the venireman of the issue.
Bill Nos. 2, 4, and 5: The victim, Marshall, was stabbed in the chest by the defendant Jones. At the trial, Jones contended that Marshall had attacked him and that he had only "jugged" Marshall in self-defense.
These bills were taken to the coroner's testifying that the cause of death was the stab wound to the heart received by Marshall, the victim. The coroner, Dr. Daigrepont, had been called to the scene and had found Marshall lying on a porch, with a gaping and deep wound in his left chest. After examining Marshall for life-signs, the coroner pronounced him dead.
The doctor relied not only upon his own observation but also upon the pathologist's report received from Charity Hospital, in testifying that the death was caused by the would through the chest to the heart and in completing the death certificate (S-3).
These bills were taken solely on the basis that the doctor's opinion as to the cause of death was based in part upon this medical report. We find no merit to the complaint. Under such circumstances, the doctor's *184 opinion as to cause of death is not inadmissible merely because it is in part based upon other medical or laboratory reports as well as upon his personal examination. State v. Sneed, 316 So.2d 372 (La.1975). See McCormick on Evidence, Sections 15, 314 (at pp. 732-33) (2d ed., 1972). Cf. Federal Rule of Evidence 703 (1975); also State v. Bray, 292 So.2d 697 (La.1974). The defense was not prevented from securing the testimony of the pathologist, for instance, if there had been any serious issue as to the cause of death being other than the stab wound; nor are we presented with a borderline diagnosis, where the trial court's discretion might condition the admission of the witness's opinion as to cause of death upon producing the pathologist (upon whose report the witness in part relied) for cross-examination, McCormick, Ibid.
Bill Nos. 3 and 8: The photographs, identified by the witnesses as true depictions of what they saw at the time, are admissible, despite objections that the photographer who took them should have testified or that the pictures could not be admitted without first proving more precise data as to who took them and how and when. See, e.g., State v. Williams, 311 So.2d 850 (La.1975); State v. Gordon, 305 So.2d 436 (La.1975), and State v. Browning, 290 So.2d 322 (La.1974) and Pugh, Louisiana Evidence Law 65 (1974). No objection was made at the trial as to the mode of dress of the defendant, as now urged on appeal.
Bill No. 6: The unsolicited response of the neighbor witness was not prejudicial and, at any rate, was admissible as res gestae, La.R.S. 15:447, 448 (1950).
Additional Contention: In brief, the defendant now also contends that he was denied a speedy trial and should therefore be discharged. The record shows that the offense was committed April 1, 1973, that Jones was indicted June 12, 1973, that his motion for a speedy trial filed December 17, 1973 was granted within the month, with pre-trial motions heard February 6, 1974 and trial on the case set for and heard at trial on April 2, 1974.
The state afforded the defendant a trial as soon as requested. Under all of the circumstances, the prior delay is not shown to have been unreasonable. It is not shown to have in any way prejudiced the accused in the preparation of his defense. Thus, the defendant is not entitled to have his conviction set aside because of the nonprejudicial and relatively short delay. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Cf. State v. Bullock, 311 So.2d 242 (La.1975).

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.