331 So.2d 1 (1976)
STATE of Louisiana
v.
Dennis JARROW.
No. 57189.
Supreme Court of Louisiana.
March 29, 1976.
Rehearing Denied May 14, 1976.
J. Daniel Rivette, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Dennis Jarrow, charged with armed robbery, a violation of LSA-R.S. 14:64, was tried by jury, found guilty as charged, and sentenced as a multiple offender under LSA-R.S. 15:529.1 to serve fifty-five years in the custody of the Director of the Department of Corrections. On appeal to this Court, defendant relies upon five assignments of error for reversal of his conviction. Assignment of Error No. 3, being neither briefed nor argued, is considered *2 abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
ASSIGNMENTS OF ERROR NOS. 1, 4, AND 5
In these related assignments of error, defendant argues "that the entire identification procedure was so impermissibly suggestive that the subsequent in-court identifications of the defendant were not independent, but were rather based on the memory of the defendant's photograph and that the suggestion implanted by it was reinforced at each subsequent stage of the identification procedure." Although defendant's objection is vague, we assume that the objection is both to the photographs shown to the witnesses and to the lineup which the witnesses attended, since both were included in the trial court's denial of defendant's Motion to Suppress.
Having reviewed the transcript of the hearing, we find the trial court's ruling to be correct. The evidence adduced at the hearing of the Motion to Suppress Identification of the accused in the instant case shows that the identifications were completely untainted and free from suggestiveness. The officer who conducted the lineup testified that eight people were in the lineup who were of the same general appearance as the defendant; that there were two attorneys present, one for a certain member of the lineup and another from the Indigent Defender's Office to represent the remainder of the subjects; that all subjects were together on the stage; that all subjects were dressed in the same manner; and that the witnesses were told not to discuss their reactions to the lineup among themselves. Indeed, they were forbidden to sit close to each other. The witnesses confirmed the officer's testimony. All of the witnesses testified that a few days after the robbery, policemen showed them a group of photos of six to eight people similar in physical appearance and asked them if they could identify any of the persons in the photographs. The witnesses further testified that at no time was any suggestion given to them regarding the person suspected of the crime.
Assignments of Error Nos. 1, 4, and 5 are without merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 6
Defense counsel alleges that the trial court erred in failing to grant his motion for a continuance. His motion for a continuance is based on newly discovered evidence.
On the day of trial, defense counsel filed the motion in which he requested a continuance for the following reasons:
"Defendant has 3 witnesses as alibi witnesses who would testify that he was in Baton Rouge, La. at the time of the offense. These names and the last known addresses were supplied to the sheriff and the returns show that they had moved. Defendants attorney has attempted to contact these witnesses by phone but has been unsuccessful.
"The witnesses are defendant's wife and two friends. Defendant is confined to the 5th floor in Parish Prison and his writing privileges have been denied him. This has made it impossible for him to attempt to contact his wife. Defendant needs time in which to locate his wife and the other two witnesses and thereby compel their appearance in Court."
Assignment of Error No. 2 complains of the trial court's denial of his Motion for New Trial.
Article 709 of the Louisiana Code of Criminal Procedure provides that a Motion for Continuance based upon the absence of a witness must state: (1) facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial; (2) facts and circumstances showing a probability that the witness will be available at the time to *3 which the trial is deferred; and (3) facts showing due diligence used in an effort to procure attendance of the witness. It is well established that the decision of the trial court as to whether or not to grant a continuance will not be disturbed on appeal in the absence of a palpable abuse of discretion. State v. Williams, 262 La. 317, 263 So.2d 306 (1972). In State v. Douglas, 116 La. 524, 40 So. 860 (1906), this Court stated that it is within the discretion of the trial court to refuse a continuance if it should appear that the defendant's sole object was delay.
Following his conviction, the accused filed a Motion for New Trial in which he alleged, among other things, that the trial judge erred in denying his Motion for Continuance, thus depriving him of his alibi witnesses. A hearing on the Motion for New Trial was held. At this hearing, Margaret Lucille Jarrow, wife of the defendant, testified that at the time of the instant robbery Dennis Jarrow was in Baton Rouge with her, and that if she had received a subpoena to testify at her husband's trial, she would have appeared in court and testified as to the defendant's presence in Baton Rouge on the date in question.
Nowhere in his Motion for Continuance does the defendant refer to any probability that the witnesses might be available at some specified future time. Further, as the trial judge pointed out in his Per Curiam, not only was there no credible showing made of due diligence, but the record establishes the oppositethat is, that the defendant waited approximately nine months before advising his attorney of his desire to subpoena the three witnesses.
In our opinion, the Per Curiam of the trial judge correctly disposes of the assignments of error as follows:
"A motion for continuance was made by counsel for the defendant, based upon the fact that three witnesses subpoenaed by defense counsel were not served and, therefore, not present in court to testify on behalf of defense. The return of the subpoenas forwarded to Baton Rouge for service show that the addresses given by the defendant and placed upon the subpoenas were improper. That is, that the witnesses had moved from those addresses and their whereabouts were unknown. The record further indicates that defense counsel had attempted, by telephone, to locate the missing witnesses, but had been unsuccessful in so doing. It should further be noted that defendant had been incarcerated awaiting trial in this particular matter since January 11, 1974, and that defense counsel was retained shortly after defendant's incarceration, that numerous pretrial hearings were held between the date of incarceration and the date of trial, that the date of trial was October 10, 1974, some nine months after the defendant's incarceration, but that defense counsel was not supplied the names or addresses of these three witnesses until September 23, 1974. It was therefore this court's conclusion that the defendant had had ample opportunity to furnish defense counsel with the names and addresses of all necessary defense witnesses, that the addresses given of these three witnesses by the defendant to his counsel were improper and/or wrong addresses and that the motion for a continuance was merely a delaying tactic on behalf of the defendant."
Assignments of Error Nos. 2 and 6 are without merit.
For the reasons assigned, the conviction and sentence are affirmed.