332 So.2d 236 (1976)
STATE of Louisiana
v.
Billy Clay CLARK.
No. 57342.
Supreme Court of Louisiana.
May 17, 1976.
*237 Lonny A. Myles, 21st Judicial Dist., Amite, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant was indicted for second degree murder in violation of La.R.S. 14:30.1. A jury found defendant guilty as charged, and he was sentenced to serve twenty years in the custody of the Department of Corrections. On appeal, defendant urges two assignments of error, both relating to alleged improper statements made by the prosecuting attorney in his closing argument. A review of the record discloses that defense counsel did not object to the statements complained of at the time they were made, nor did he request a mistrial or an admonition of the jury. Consequently, these assignments present nothing for our review.
Defendant relies upon article 774 of the La. Code of Criminal Procedure which defines the permissible scope of the argument:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
"The argument shall not appeal to prejudice.
"The state's rebuttal shall be confined to answering the argument of the defendant."
However, as Official Revision comment (c) notes, the article provides no sanction for violations. If the argument goes beyond the scope of this article, it falls within the ambit of La. Code of Criminal Procedure Articles 770 and 771. These articles authorize the trial judge to correct prejudicial remarks made by the district attorney by either ordering a mistrial or admonishing the jury, upon a proper motion or request of a defendant. By failing to seek corrective measures or make a timely objection, defendant waived his right to attack the judgment of conviction on grounds of error. La.C.Cr.P. art. 841. State v. Marcell, 320 So.2d 195 (La.1975). Article 841 of the La. Code of Criminal Procedure provides:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence *238 . . . .It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

"* * * ."
Our review is therefore limited to an inspection of the pleadings and proceedings for errors discoverable without inspection of the evidence. La.C.Cr.P. art. 920. We have perused the record and find no errors patent on its face.
Accordingly, defendant's conviction and sentence are affirmed.