347 So.2d 483 (1977)
STATE of Louisiana
v.
Edward Ronald ANTHONY.
No. 59192.
Supreme Court of Louisiana.
June 20, 1977.
Rehearing Denied September 2, 1977.
*486 Thomas E. Guilbeau, Guilbeau & Sullivan, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Edward Ronald Anthony, was convicted of the armed robbery of Gayle Guidry, an employee of Trip-L-Kwik convenience store located in New Iberia, Louisiana. The trial judge sentenced him to imprisonment for thirty years in the custody of the Louisiana Department of Corrections without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:64. On appeal, he relies upon forty-seven assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 8, 10, 11, 12, 13, 14, 20, 22, 23, 24, 38, 39, 40, 41, 42, 43, AND 44
In these assignments of error defendant alleges that the trial court erred in failing to grant him a new trial or, alternatively, in failing to dismiss the charges against him on the ground that the verdict was contrary to the law and evidence presented at trial. Defendant's allegations fall into four categories: (1) the State failed to present evidence of an essential element of the offense, namely theft; (2) defendant's witnesses contradicted those of the State; (3) some of the witnesses's testimony lacked credibility because of discrepancies in the testimony; and (4) the broad generalization that the verdict was contrary to the law and evidence.
Generally, the trial judge's ruling denying a new trial based on an allegation that the verdict is contrary to the law and evidence presents nothing for our review. State v. Williams, La., 343 So.2d 1026 (1977); State v. Skelton, La., 340 So.2d 256 (1976); State v. Russell, La., 334 So.2d 398 (1976). However, defendant's allegation that no evidence was presented of an essential element of the offense charged, i. e. theft, does present a reviewable question of law. State v. Tyler, La., 342 So.2d 574 (1977); State v. Finley, La., 341 So.2d 381 (1976); State v. Alexander, La., 339 So.2d 818 (1976).
When the record contains some evidence of each element of the offense, we may not set aside the conviction. The mere allegation that the evidence is insufficient to prove defendant's guilt beyond a reasonable doubt is a question of fact rather than one of law. Our examination of Gayle Guidry's testimony, and that of Billy Jo Lowe, a coemployee in the store during the robbery, reveals: that money was taken after a show of force by the accused, who was armed with a pistol. The State clearly presented "some" evidence supporting each essential element of the charged crime: armed robbery. LSA-R.S. 14:64.
Defendant's attacks upon the accuracy and credibility of some of the testimony present nothing for our review. These assertions go to the weight to be given to the testimony, a factual question for the jury. LSA-C.Cr.P. Art. 920; State v. Snoddy, La., 332 So.2d 800 (1976); State v. Jones, La., 315 So.2d 650 (1975); State v. Johnson, La., 315 So.2d 636 (1975). In State v. Johnson, supra, we held:
"In his brief, the defendant alleges only that the verdict is contrary to the law and the evidence. He points to several conflicts in the trial testimony.
"In criminal cases, our review is limited to questions of law. LSA-Const. Art. 5, § 5(C) (1974). Defendant's contentions relate to the weight of the evidence and the credibility of the witnesses. They raise no question of law.
"In State v. Grey, 257 La. 1070, 245 So.2d 178 (1971), we held:
'The allegation that the verdict is contrary to the law and the evidence and the attack upon the credibility of the witnesses and their evidence present no question of law for our review.'"
Assignments of Error Nos. 1, 8,10,11, 12, 13, 14, 20, 22, 23, 24, 38, 39, 40, 41, 42, 43, and 44 are without merit.

*487 ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in refusing to grant a continuance in order that he might confer with and have his case tried by a retained attorney rather than his court appointed attorneys, whom he attempted to discharge the morning of his trial.
Defendant has a right to counsel of his choice to defend him in a criminal case. LSA-Const. Art. 1 § 9; LSA-C.Cr.P. Art. 511. We have, however, consistently interpreted this right as one which cannot be manipulated to obstruct the orderly procedure in our courts and which cannot be used to interfere with the fair administration of justice. State v. Frezal, La., 278 So.2d 64 (1973); State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
Defendant's motion for a continuance and its subsequent denial occurred in the following manner: On the morning of trial, Monday, June 14, 1976, just as voir dire examination of the jurors was to commence, appointed counsel requested and was granted a hearing in chambers regarding defendant's objection to proceeding to trial with his appointed counsel. The chambers hearing is a part of the record on appeal. Defendant presented to the trial judge a written notice stating that he had, as of the preceding Saturday afternoon, retained a new attorney, Mr. James Wayne, of Donaldsonville, Louisiana. Mr. Wayne was not present in court, nor was there any communication or confirmation from him concerning his interest in the case. In explanation of Mr. Wayne's absence, defendant stated: "He told me it would be impossible to take up the defense just on the spur of the moment."
Inquiring further into the situation, the court learned that defense counsel had been appointed to represent defendant on March 3, 1976, that appointed counsel had actively prepared for trial, and that counsel had filed and argued appropriate pre-trial motions on behalf of defendant.
The hearing also discloses that earlier during the preceding week, defendant had negotiated with another attorney. The defendant had not retained that attorney. After noting that the case had been fixed for trial some six weeks previously, that appointed defense counsel had done everything expected of him in preparing the defense, and that the witnesses and jurors had assembled for trial, the court denied defendant's motion for a continuance.
The trial court's ruling was correct. We find the following pertinent in reaching our conclusion: (1) The alleged retained attorney neither appeared in court to verify his retention, nor communicated with the trial judge in any other way; (2) the record reflects only defendant's statement that a third party had contacted and retained the attorney and that defendant had only had a telephone conversation with the attorney; (3) appointed counsel had filed a prior motion on the same ground regarding another alleged retained counsel; (4) the motion was made on the morning of trial; and (5) the alleged retained counsel neither made an appearance nor contacted the court either during the trial or on the Motion for New Trial. We are convinced, as was the trial judge, that defendant's request was a dilatory tactic.
The law is well settled that a defendant in a criminal trial cannot, by a last minute change of counsel, force a postponement of his trial. State v. Alexander, La., 334 So.2d 388 (1976); State v. Stafford, 258 La. 523, 246 So.2d 849 (1971). In State v. Alexander, supra, we held:
"The general import of the colloquy which took place prior to trial was that Alexander was dissatisfied with his court appointed counsel and had the representation of a retained attorney through the aid of a friend. A denial of a motion for a continuance made on the day of trial on grounds that the defendant is dissatisfied with his attorney has been held to be proper. State v. Austin, 258 La. 273, 246 So.2d 12 (1971).
"In State v. Austin, supra, we stated:
`Defendant is entitled to counsel. He may hire whom he chooses. Because he is indigent, he is privileged to have *488 the State appoint an attorney without any cost to him. To permit the accused to discharge his court-appointed counsel on the day of trial, without any showing of incompetence and without having a privately retained attorney present to take his place, would be to permit defendant to choose which lawyer the court must appoint to defend him. We are not aware of any basis in law for such a claim upon the State or upon the members of the bar.'
"See also State v. Navarre, La., 289 So.2d 101 (1974), wherein the language quoted above was cited with approval."
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial court erred in refusing to grant his challenge for cause of juror Clay Romero on the ground "that because of his business operations his frame of mind would be such that he would be unable to properly concentrate on the case at hand and thus give the defendant a fair and impartial trial."
During the course of jury selection, defendant exhausted his peremptory challenges; therefore, he may object to improper refusals to grant challenges for cause. LSA-C.Cr.P. Art. 800.
We have examined the record pertaining to Mr. Romero's questioning prior to selection for the jury and find no error in the trial court's ruling. Although Mr. Romero did state that he would worry about the possible theft of some 300 crab traps, his answers to both the state and defense attorneys were that if he "had to sit on the jury" he would do so and that worrying about his traps would not affect his judgment or cause bias. In our opinion, the showing is inadequate to sustain the challenge for cause. LSA-C.Cr.P. Art. 797.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR No. 4
Defendant alleges that the trial court erred in denying his challenge for cause of Mrs. Joan Provost. Defense counsel challenged Mrs. Provost because of her employment as a Criminologist at the Acadiana Criminalistics Laboratory. He argued that, because of her employment, she would be "prosecution oriented."
The Acadiana Criminalistics Laboratory for which Mrs. Provost works was created by LSA-R.S. 40:2267.1 for the purpose of crime detection, prevention, investigation, and other related activities in connection with criminal investigation. The laboratory is under the control of the Acadiana Criminalistics Laboratory Commission, which is composed of sheriffs, district attorneys, and police jury members of the district served by the laboratory. LSA-R.S. 40:2267.3. The laboratory is funded by sums derived from fines and bond forfeitures in the district it serves. LSA-R.S. 40:2266.1. The laboratory, because of its organization, funding, and purpose, is closely connected with law enforcement agencies and personnel. The primary purpose served by the laboratory is independent, objective analysis of various substances, such as blood, hair, drugs, and chemicals.
With Mrs. Provost's close connection to law enforcement agencies in mind, we have carefully examined her responses to the questions posed to her by both the prosecution and defense. Mrs. Provost freely testified about the laboratory and the nature of her work which, as a serologist, consisted mainly of chemical analysis of blood, other body fluids, and marijuana. She stated that the laboratory was funded by portions of fines from the laboratory's eight-parish district. She further stated that the vast majority of the laboratory's work was done for the Statethat defendants rarely requested their services. Her responses, during extensive questioning, demonstrate impartiality. She testified, without reservation, that neither her occupation nor her acquaintance with law enforcement agents would influence her vote if selected for the jury. Since no grounds exist under LSA-C. Cr.P. Art. 797 for excusing this juror for cause, we find no abuse of the discretion of *489 the trial judge in denying the challenge for cause. LSA-C.Cr.P. Art. 797; State v. Weathers, La., 320 So.2d 895 (1975); State v. Frazier, La., 283 So.2d 261 (1973); State v. Willis, 262 La. 636, 264 So.2d 590 (1972).
Assignment of Error No. 4 is without merit.[1]

ASSIGNMENT OF ERROR NO. 5
Defendant urges that the trial court erred in excusing for cause, pursuant to a State challenge, Mr. Montgomery Antoine, a juror who had been a longtime friend of the defendant. Defendant's assignment of error is grounded upon the fact that he was not allowed to examine Mr. Antoine once his personal relationship with the defendant had been revealed and the State was granted its challenge for cause.
In his argument, defendant does not assert that the court erred in granting the challenge for cause, he argues only that he was denied his right to examine the juror. The scope of voir dire is within the sound discretion of the trial judge. LSA-C.Cr.P. Art. 786. At the time he was excused, the juror had already testified that, because of his friendship with defendant, he could not be impartial.
Moreover, Article 800 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"The erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law."
In the present case, the State used only five of the twelve peremptory challenges allowed to it; therefore, even if the trial court's grant of the challenge for cause had been erroneous, defendant would be entitled to no relief. LSA-C.Cr.P. Art. 800. Since we are unable even to review the challenge for cause, it follows that failure to allow defense counsel to question the witness presents nothing for our review.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant alleges that prospective juror, Woodrow Baird, Jr., should have been excused for cause due to the fact that as a newspaper reporter he had covered criminal trials in the past, and "he had preconceived notions of the criminal justice system which would bar him from giving to the defendant a fair and impartial trial."
The record reveals that Mr. Baird is a managing editor of a local newspaper. As a reporter on a small paper, he had covered criminal trials, as well as other types of assignments. During the past year and a half, he had covered only one criminal trial. He testified that he could be impartial and could apply the law and the presumption of innocence to which the defendant was entitled. He stated that he could accept the law as given to him by the court and that he did not believe that his experience as a reporter would in any way cause him to be partial. No grounds existed for granting a challenge for cause of this juror, and the trial court properly denied defendant's challenge. LSA-C.Cr.P. Art. 797.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant urges that the trial court erred in admitting, over timely objection, a photograph of a lineup for which a proper foundation had not been laid by the State.
During examination of Billy Jo Lowe, the prosecutor produced a photograph depicting the lineup that this witness had viewed. Before offering the photograph, the prosecutor asked the witness to identify the photograph:
"Q. Do you recognize that photograph?
"A. Yes, sir.

*490 "Q. What is that a picture of?
"A. The lineup I viewed on the 24th [of February].
"Q. How did you view that lineup?
"A. Through a one-way mirror.
"Q. Did you receive any promptings or suggestions as to how to select anybody?
"A. No, sir.
"Q. Did you identify anyone in that picture as being a possible suspect in this case?
"A. Yes, sir.
"Q. Which ones did you identify?
"A. Either Two or Four.
"Q. You identified two possibles?
"A. Yes, Sir." [Rec. Vol. III, pp. 586-87]
At this point, the State offered the photograph into evidence over defendant's objection that "there's been no foundation to show the source and origin of the photograph, itself."
Defendant bases his argument on LSA.C.Cr.P. Art. 773, which provides:
"Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced; but when the evidence requires a foundation for its admission, the foundation must be laid before the evidence is admissible."
We have consistently held that when a witness identifies a photograph as a true depiction of the scene it purports to represent, the testimony of the photographer who took the picture is unnecessary for the foundation. State v. Freetime, La., 334 So.2d 207 (1976); State v. Curry, La., 325 So.2d 598 (1976); State v. Jones, La., 320 So.2d 182 (1975). The sufficiency of the foundation for photographic evidence rests in the sound discretion of the trial judge. State v. Williams, La., 343 So.2d 1026 (1977); State v. Freetime, supra.
The witness identified the photograph in the instant case as accurately depicting the scene of the lineup she viewed on February 24, 1976; therefore, a sufficient foundation for the photograph's admission was established, and the trial court properly admitted it into evidence.
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant alleges that the trial court erred in overruling his objection to what he categorizes as "a leading question." The record reflects that the witness had just testified that she had seen the pistol in the defendant's belt. The prosecutor then asked: "Could you see the entire pistol that was in the defendant's belt at the time?" The witness replied, "Mostly the handle." At this point, defendant objected to the question as leading and requested that it should be stricken. Defendant's objection was overruled.
LSA-R.S. 15:277 provides that in order to be leading, a question must suggest the answer to the witness. When viewed in context, the question objected to is not leading because it did not in any way suggest the answer to the witness; therefore, the trial court correctly overruled defendant's objection.
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 16
Defendant argues that Ms. Guidry's identifications of him both at the physical lineup and at trial were tainted by the previously and improperly conducted photographic lineup at the police station. Therefore, he claims that the court erred in admitting into evidence the photograph of the lineup and in failing to dismiss the charge against him or to grant a new trial.
A pretrial motion to suppress the lineup identification was grounded upon the allegedly improper conduct of that procedure, but it did not raise the issue of any suggestion inherent in the photographic identification, nor did counsel argue this point at the motion to suppress hearing. Similarly, when defense counsel objected to the introduction of the photograph of the lineup, he *491 did so on the ground that the State had not laid a proper foundation for its admission into evidence and did not contend that the identification itself was tainted.
Louisiana Code of Criminal Procedure Article 841 provides that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence and the grounds for the objection were made known to the court. A new basis for an objection cannot be raised for the first time on appeal. State v. O'Blanc, La., 346 So.2d 686 (1977); State v. Williams, La., 343 So.2d 1026 (1977); State v. Marks, La., 337 So.2d 1177 (1976); State v. Powell, La., 325 So.2d 791 (1976); State v. Forbes, La., 310 So.2d 569 (1975). Hence, these assignments, which essentially relate to the conduct of the photographic lineup and which were not presented to the trial court, are not properly before us for review.
Assignment of Error No. 16 is without merit.

ASSIGNMENT OF ERROR NO. 19
Defendant contends that the trial court erred in admitting into evidence a photograph of the lineup because the picture did not reflect the date and time it had been taken and the members of the lineup did not bear sufficient resemblance to the defendant to make the procedure fair and impartial.
We have found defendant's first contention to be without merit in Assignment of Error No. 7, supra.
Defendant's second contention relates to the composition of the lineup. Because the defendant has not required the photograph in question to be included in the record, we refer to the testimony at the hearing on the motion to suppress the identification. Officer Paul Judice, who conducted the lineup, testified that it was composed according to the description of the robber which the victim had given to the police. The perpetrator of the crime was reported to have been a light-complexioned black in his midtwenties, about 5'8" and weighing about 160 pounds. According to the testimony, five members of the lineup, including the defendant, fit that general description with minor variations in height, weight, and complexion. After viewing the picture and hearing the testimony, the trial court concluded that it had been fairly conducted.
We require no strict identity of characteristics among the members of a lineup. All that is required is sufficient resemblance to reasonably test identification. State v. McSpaddin, La., 341 So.2d 868 (1977); State v. Jarrow, La., 331 So.2d 1 (1976); State v. Daniels, La., 326 So.2d 340 (1976). After a review of the relevant testimony, we conclude, as did the trial judge, that the lineup was fairly conducted.
Assignment of Error No. 19 is without merit.

ASSIGNMENT OF ERROR NO. 26
Defendant argues that the trial court erred in overruling his objection to his being identified in court by Deputy Gary Morford. The basis of the objection is that the identification was a "one on one" identification and was made without any proper foundation being laid.
Deputy Morford was the officer who arrested the defendant at his home the morning after the robbery. The record discloses that, after the arrest, Deputy Morford transported the defendant to the Sheriff's office, where the defendant was booked. After that, the defendant was in Deputy Morford's office for several hours, during which he talked with defendant.
While defendant may be correct in his allegation that a proper foundation had not been laid prior to the identification in court, such a procedure is not necessarily error if a basis for independent identification exists of record. State v. Webb, La., 307 So.2d 582 (1975). The fact that the witness arrested the defendant and spent a number of hours with him immediately following the arrest provides the independent source necessary.
Assignment of Error No. 26 is without merit.

*492 ASSIGNMENTS OF ERROR NOS. 27, 28, 29 AND 31
In these assignments of error the defendant objects to the display before the jury and introduction into evidence of State's Exhibit Nos. 4 and 5 (a pistol and shoulder holster) and No. 14 (a pistol grip) on the grounds that a proper foundation had not been established. In support of these allegations, defendant argues that the deputy who seized the evidence and who was testifying at the time they were introduced into evidence, had placed no identifying marks on the objects and had not "tagged" them in any way. Further, the Identification Officer for the Calcasieu Parish Sheriff's Office, to whom the evidence was delivered, did not testify as to custody. Lastly, the defendant alleges that the gun and holster had been turned over to the Iberia Parish Sheriff's Office on the day that they were seized, and no testimony was offered as to who picked up the evidence or where the pistol and holster were between the time that they were seized and the time that they were introduced into evidence, approximately three and one half months.
The arresting officer, Deputy Morford, testified for the State. He testified that when he entered the defendant's house, he arrested the defendant and seized a pistol and shoulder holster that were hanging on a door close to the defendant. When asked at trial if he could identify the State's Exhibit Nos. 4 and 5, the deputy identified No. 4 as the pistol that was hanging on the side of the closet door in the defendant's bedroom and No. 5 as the holster in which the pistol was holstered. Further, the deputy also testified that the pistol grip (State's Exhibit No. 14) was the same one that he had seized from the defendant when he patted him down after the arrest.
A proper foundation for the introduction of physical evidence may be established either by proof of a chain of custody or by in-court identification. Though these items of physical evidence were not tagged or marked, Deputy Morford identified each of the items as those seized from the defendant on the morning after the robbery. The deputy's testimony established that it was more probable than not that the items offered into evidence was that connected with the case. They were, therefore, properly admitted into evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Assignments of Error Nos. 27, 28, 29, and 31 are without merit.

ASSIGNMENT OF ERROR NO. 33
Here, defendant asserts that: "The Court erred in overruling the objection of defense Counsel to the placing into evidence by the State of Exhibit No. 9 which purported to be a statement signed by the defendant on the basis that it was an incomplete and inaccurate statement."
The defendant has neither briefed nor argued this assignment of error. Hence, it is considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

ASSIGNMENTS OF ERROR NOS. 34 AND 45
In these assignments of error, defendant alleges that the trial court erred in allowing the introduction into evidence of a pair of pants, a sweater, a sweatshirt, and three cartridges which were removed from the defendant's home.
After the defendant had given his statement to the police, he agreed to allow the police to search his house and voluntarily signed a "Permission to Search."
When the police arrived at the house, the defendant's wife was there, and they searched both bedrooms of the house and the bathroom adjoining them. In one of the bedrooms, the officers saw the three cartridges on top of one of the dressers and seized them. Defendant argues that the seizure of the cartridges was beyond the scope of authority that the defendant granted the police when he signed the "Permission to Search." The "Permission to Search" form authorized the officer to seize "any items of property whatsoever which they deem pertinent to their investigation."
*493 Certainly, the cartridges fall within that category. In any event, the officers were lawfully in bedroom by defendant's own permission, and the cartridges were in plain view and subject to seizure since we are here dealing with an armed robbery.
Defendant also alleges as error the trial court's permitting the introduction into evidence of a pair of pants, a sweater, a sweatshirt, and three cartridges on the basis that the defendant's wife did not give her permission for the search of the residence and seizure of these items. Having found that the defendant had given his permission for the police to search his home, it was unnecessary for the police to obtain an additional written permission to search from defendant's wife. State v. Dupuy, La., 319 So.2d 299 (1975).
Assignments of Error Nos. 34 and 45 are without merit.

ASSIGNMENTS OF ERROR NOS. 35 AND 36
Defendant urges that the trial court erred in admitting into evidence the pants, sweater, sweatshirt, and cartridges, discussed above, on the ground that the State had failed to lay a proper foundation for their admission.
Lt. Paul Judice testified that he had recovered each of these items in a search of defendant's home in Lake Charles and made a visual identification of the evidence. On the basis of this testimony alone, the State offered the items into evidence. When defense counsel complained that the evidence had not been identified by chain of custody, the court ruled that the objection went to the weight and not to the admissibility of the evidence.
To admit demonstrative evidence at trial, the law requires that it be identified. Establishing the chain of custody is one method of identification, but the identification may also be visual, as in this case. State v. Dotson, supra. Furthermore, after the evidence had been admitted, Lt. Judice stated that he had personally transported the evidence from defendant's home in Lake Charles to the police evidence locker in New Iberia, where it was stored in Captain Landry's custody until the trial. When the evidence was needed for trial, Lt. Judice personally removed it, and delivered it to the prosecutor.
The record reflects that a proper foundation was laid by the State for introduction of all of these articles into evidence.
Assignments of Error Nos. 35 and 36 are without merit.

ASSIGNMENT OF ERROR NO. 46
In this assignment of error, defendant complains that the trial court erred in failing to admonish the jury to disregard certain remarks made by the prosecutor in his closing argument, which defendant alleges were improper.
The State adduced testimony at trial showing that at approximately 9:30 p.m., on February 23, 1976, defendant entered a Trip-L-Kwik store on Hopkins Avenue, where a police officer was watching for shoplifters from a concealed vantage point, but there were other customers in the store and defendant purchased only a two cent box of matches before leaving; that defendant returned to the same store moments later when the officer was talking to the cashier, purchased a pack of cigarettes and again left the store; that about fifteen minutes later defendant appeared in a nearby Trip-L-Kwik store on Fulton Street where customers were shopping, purchased another pack of cigarettes and departed, but returned later when the store was clear of customers and robbed the cashier.
After reviewing the testimony pertaining to defendant's first visit to the Trip-L-Kwik, the prosecutor said:
"I submit to you that if there hadn't been other customers in the store, we might have had an armed robbery right under the eyes of a police officer at that time."
Defense counsel did not, then or later, object to this statement, move for a mistrial, or request an admonition. Nevertheless, he contends on appeal that the court erred in failing to admonish the jurors to *494 disregard the statement as being improper argument.
LSA-C.Cr.P. Art. 774 defines the scope of proper argument:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. " * * *"
Because this article provides no sanctions for violations, an improper comment falls within the ambit of LSA-C.Cr.P. Arts. 770 and 771. These articles authorize the trial court to correct prejudicial remarks made by the district attorney either by ordering a mistrial or admonishing the jury, upon motion by defendant. State v. Clark, La., 332 So.2d 236 (1976). By failing to request the admonition to which defendant claims he is entitled, he has waived his right to complain of the prosecutor's remark on appeal. LSA-C.Cr.P. Art. 841; State v. Clark, supra.
Assignment of Error No. 46 is without merit.

ASSIGNMENTS OF ERROR NOS. 15, 17, 18, 21, 25, 30, 32, 37, AND 47
In these assignments of error, defendant alleges as error various acts or omissions on the part of his court-appointed attorneys.
The trial strategy of defense counsel is not reviewable on appeal. During the course of trial, the acts and decisions of defense counsel are presumed to be those of defendant himself. Allegations of ineffective assistance of counsel are properly raised by writ of habeas corpus in a post-conviction proceeding. State v. Ross, La., 343 So.2d 722 (1977); State v. Mouton, La., 327 So.2d 413 (1976); State v. Marcell, La., 320 So.2d 195 (1975).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
TATE, J., dissents on the basis of Assignment of Error 4. The individual so closely connected with law enforcement activities should have been excused for cause from jury service.
CALOGERO and DENNIS, JJ., dissent for reasons assigned by TATE, J., and all were of the opinion that a rehearing should be granted.
NOTES
[1] Our ruling as to this individual juror should not be construed as condoning a general practice of allowing the personnel of the Acadiana Criminalistics Laboratory to serve on trial juries. In fact, we regard it as most inadvisable.