SANDERS, Chief Justice.
The District Attorney for Orleans Parish charged defendant, Leonard Turner, with possession of heroin, a violation of LSA-R.S. 40:966. After a mistrial, a new trial, and a series of continuances, the defendant was tried and found guilty. The court subsequently found him to be a multiple offender and sentenced him to ten-years’ imprisonment in the custody of the Louisiana Department of Corrections. On appeal to this Court, defendant relies upon three assignments of error for reversal of his conviction and sentence.
Defendant’s assignments of error are procedural in nature. Defendant was arrested by New Orleans police officer on November 14,1974, for possession of heroin and carrying a concealed weapon. The District Attorney’s Office filed separate bills of information against the defendant, to which defendant entered not guilty pleas. Defendant was subsequently found not guilty of the weapons charge.
Defendant went to trial on the possession of heroin charge on February 26, 1975, and the court declared a mistrial after the jury was unable to reach a verdict. Defendant alleges that the first trial resulted in a mistrial because a material defense witness, Dewey Scott, testified on behalf of the defendant and directly contradicted the State’s only witnesses to the alleged offense, Police Officers Bass and Marziale.
Defendant again went to trial in April of 1975 on the possession charge, and, at this second trial, was found guilty as charged. The trial court, however, granted defendant’s motion for a new trial because of the absence of defense witness, Scott, who though present in court at the time the witnesses were sequestered, disappeared before he testified.
A third trial was set for the first week in July, but, on the day set for trial, the State nolle prosequied the charge after its request for a continuance had been denied.
On July 17, 1975, the State filed a new bill of information, charging defendant with the same crime: possession of heroin. This case was allotted to another section of the court, and, on motion of the defense, arraignment on the second bill of information was continued on July 21 and July 28. On August 1, defendant pleaded not guilty, and the court granted him ten days in which to file special pleadings. On August 6, 1975, he filed a Motion to Suppress Evidence. On August 29, the hearing on the Motion to Suppress was continued on motion of the defense. On September 3, the hearing was continued on the State’s motion, and on September 11, another continuance was granted on joint motion of the State and defense. On September 24, on a defense motion, the case was transferred to the court section to which the first charge had been allotted.
On November 10, 1975, the trial was rescheduled on motion of the defense. On November 25, the State was granted a continuance. Finally, on January 12, 1976, the trial took place, resulting in the conviction of defendant.
ASSIGNMENT OF ERROR NO. 1
Here, defendant complains of the overruling of his motion to quash the second bill of information based upon the allegation that he had been denied a speedy trial.
We are in complete agreement with the defense statement of the constitutional principles:
“The Sixth Amendment to the United States Constitution provides in pertinent part, ‘In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ’ This right to a speedy trial has been declared to be a ‘fundamental’ constitutional right and *1009 therefore it is applicable to the states via the Due Process Clause of the Fourteenth Amendment of the federal constitution. Klopfer v. North Carolina, 356 [386] U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 36 L.Ed.2d 26 (1970); State v. Harris, 297 So.2d 431 (La.1974).”
After an examination of the record, however, we conclude that defendant was not denied a spefedy trial. In his Per Curiam, the trial judge correctly disposes of defendant’s contention:
“The asserted denial of the right to a speedy trial is an issue which is determined by a balancing test, in which the conduct of both the prosecution and the defense are weighed. In this test, four main factors are considered; the length of the delay; the reasons for the delay; the defendant’s assertion of his right to a speedy trial; the prejudice to the defendant by the delay. State v. Harris [La.], 297 So.2d 431 (74); State v. Jones [La.], 320 So.2d 182 (75).
“In this case, although the cumulative period of delay was fourteen months, the defendant was brought to trial within three months. When a mistrial was granted in that case, the defendant was brought to trial again within two months. When a new trial was granted, the defendant was to be tried again within three months, in July, 1975. On that scheduled date, the State nolle pressed the case. This action and the State’s subsequent refiling of a second Bill of Information reflect some procrastination on the part of the State, however much of the post-July delay including the time consumed by the reassignment of the case to this section and the continuance granted in November, 1975 were caused by defense counsel. In fact, when the continuance was granted in November, the State did not express any unwillingness to go to trial at that time.
“The defendant’s real complaint is that the prosecution overstepped its authority by nolle prossing the case in July, 1975, and then soon thereafter reinstating proceeding against the defendant on the same charge. Although a nolle prosse is a valid disposition of a case, it does not bar the right to a subsequent prosecution. State v. Franton [La.], 319 So.2d 405 (75). Thus it is permissible for the State to recharge and reinstate proceedings against the defendant. Further this course of action was initiated by the State within a short period of time.
“The defendant did not assert his right to a speedy trial until the day of trial in January, 1976. Additionally, he failed to show that this delay prejudiced his defense. In State v. Moore [La.], 300 So.2d 492 (74) and State v. Jones, Supra, the Court held that in the absence of such an assertion of ones right and a showing of prejudice, a defendant has not been denied his right to a speedy trial.
“In light of the reason for the delay, the failure of the defendant to properly assert his right to a speedy trial or to show any prejudice to his defense, I believe that this time period did not constitute an inordinate delay and consequently that the defendant was not denied a speedy trial.”
In an effort to show prejudice, counsel argues for the first time on appeal that the delay caused by the filing of the second bill of information resulted in the absence of a material defense witness, Scott, at the last trial. The argument is without merit, as there is no showing that the delay had anything to do with his non-appearance or that he was available at any time after the second trial.
Assignment of Error No. 1 is without a merit.
ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court’s refusal to grant the defendant’s motion for continuance, due to the failure of the clerk of court to subpoena a material defense witness for trial, constituted reversible error.
*1010 The granting of a continuance rests in the sound discretion of the trial judge, and his ruling will not be disturbed absent a clear showing of abuse of discretion. LSA-C.Cr.P. art. 709; State v. Williams, 262 La. 317, 263 So.2d 306 (1972).
The defendant applied for and was granted a continuance of the November 10, 1975, trial upon his showing that his witness, Dewey Scott, was absent. At the time the trial court granted the continuance, the trial court instructed defense counsel to write a letter to the Clerk of the Criminal District Court for the Parish of Orleans, requesting that Scott’s name be added to the witness list. At the trial, defense counsel called the court’s attention to the fact that Dewey Scott had not been subpoenaed. When questioned about the letter counsel had been instructed to write to the Clerk of Court, defense counsel explained that he really did not know what action he had taken to obtain the presence of Dewey Scott at the trial, and that perhaps his office had been derelict, but that he nevertheless wanted Scott present at trial.
In his Per Curiam, the trial judge states:
“Upon considering the previous delays based on the failure of this witness to either appear and testify, and failure of counsel to comply with the instructions given to insure the attendance of this witness, the motion for a continuance was denied, however was issued contemporaneously an instanter subpoena and the State was requested to do everything possible to secure the presence of this witness at trial.”
In issuing the instanter subpoena, the trial judge ordered:
“Issue an instanter subpoena for Dewey Scott, 2016 Second Street. Now, I’ll ask the State to help you by expediting this subpoena and ask that you bring him down to the Sheriff’s Office and go with the Sheriff and immediately bring this witness in the court and find out where he is working, if he’s working. We will do everything that is possible to secure his presence in court.”
Article 709 of the Louisiana Code of Criminal Procedure provides:
“A motion for a continuance based upon the absence of a witness must state:
“(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
“(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
“(3) Facts showing due diligence used in an effort to procure attendance of the witness.”
Under the above article, the continuance was properly denied for at least two reasons: (1) defense counsel did not show due diligence in attempting to produce the witness; and (2) counsel in no way indicated “[fjacts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred.” Further, Dewey Scott had testified at the trial on the same offense which ended in a mistrial. Defense counsel could have requested that this testimony be used at the present trial if Dewey Scott could not be found. State v. Bell, La., 346 So.2d 1090 (1977); State v. Sylvester, La., 343 So.2d 1020 (1977); State v. Ford, La., 336 So.2d 817 (1976); State v. Ghoram, La., 328 So.2d 91 (1976). This, he failed to do.
Assignment of Error No. 2 is without merit.
ASSIGNMENT OF ERROR NO. 3
Here, defendant objects to the trial court’s refusal to permit defendant to introduce evidence of the fact that defendant had been acquitted on the charge of carrying a concealed weapon, which arose from the same factual situation as the possession of heroin charge for which defendant was being tried.
The trial judge correctly refused to allow defendant to introduce testimony and documentary evidence of the acquittal for the reasons assigned in his Per Curiam:
*1011 “This evidence was not relevant to the issue of whether the defendant possessed heroin. Because the defendant was acquitted of a concealed weapon charge did not prove that he did not have heroin in his possession.
“The admission of this evidence involved a question of relevancy, and this determination is a matter for the discretion of the trial judge. State v. Juregain [La.], 324 So.2d 428 (75); State v. Pickett [La.], 325 So.2d 252 (75).”
Assignment of Error No. 3 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., dissents for reasons assigned by CALOGERO, J.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.