DUFRESNE, Judge.
The defendant, Tourlin Martin, was charged by Bill of Information with attempted armed robbery, a violation of LSA R.S. 14:27, 14:64. He entered a plea of not guilty and was tried by a jury and found guilty as charged. The State filed a multiple bill of information and after a hearing the trial judge found the defendant guilty of being a multiple offender and then sentenced him to 60 years at hard labor without benefit of parole, probation or suspension of sentence. This appeal followed and the appellant urges four assignments of error:
1. The trial court erred in denying defendant’s motion to suppress the identification.
2. The trial court erred in denying defendant’s motion for a new trial.
3. Also assigned as error are any and all errors patent on the face of the record.
4. It was reversible error for the trial court to impose an excessive sentence.
FACTS
On August 2, 1988, while on his way home from work, Brian Hingle stopped at a Shell station on the corner of Ames and the Westbank Expressway to buy some beer and cigarettes. As he was leaving the Shell station in his truck, a black male, subsequently identified as the defendant, entered his truck and asked for a ride down the street to a friend’s house. Hingle testified that he did not tell the defendant to get out of his truck because he thought he might have a weapon as he was keeping his hands between his legs.
After driving around several minutes, the defendant reached in his slacks and pulled out a gun, put it to Hingle’s head and told him to get out of the truck. Hin-gle grabbed the gun and the two started fighting inside the truck. During the struggle, the gun went off and blew a hole through the victim’s windshield. The testimony produced at trial further revealed that at one point during the struggle, the defendant put the gun to Hingle’s chest and pulled the trigger; however, the gun did not fire because Hingle had one finger through the trigger guard and his thumb in the hammer. The defendant somehow managed to get the door open during the struggle and both he and Hingle fell out of the truck, still wrestling for the gun. When another truck pulled up the defendant ran away. As he was fleeing, Hingle pointed the gun at him and tried to shoot him; however, the gun would not go off.
Deputy Noel Adams of the Jefferson Parish Sheriff’s Office came to the assistance of Hingle. Officer Adams got the gun from him and was taking a statement when he was advised by Deputy Jonathan Richards, who was investigating a burglary that had occurred nearby, that a gun was stolen. The serial number of the 357 Magnum matched the gun that Adams had received from Hingle. Deputy Richards testified that the defendant’s mother had informed him that her son had stolen her gun earlier that evening and had just returned to her home on Field Street in Marrero.
According to Deputy Richards, when he first arrived at the residence on Field Street, he noticed that the defendant had several cuts and marks on his head and arms. The defendant then informed Richards that he had just been in a fight near the Villa D’Ames Apartments adjacent to Cowen Street and the Expressway and had shot at someone. After defendant’s statement to Richards and confirmation from Adams that the gun retrieved from Hingle was the same one that was stolen from the defendant’s mother, Richards proceeded to place him under arrest. It took several officers to subdue the defendant and place him under arrest because he became very combative and belligerent. While the defendant was being transported in the police unit, Hingle identified him as the one who *451 had attempted to take his truck and shoot him. Hingle also identified the defendant in court at the trial.
ASSIGNMENT OF ERROR NO. ONE
DEFENDANT’S MOTION TO SUPPRESS IDENTIFICATION:
The defendant contends that the trial judge erred in denying his motion to suppress because the in-field identification on the night of the incident was impermissi-bly suggestive, since he was already under arrest and in the rear of the police unit when identified by Hingle.
On numerous occasions we have upheld as reliable in-field identifications similar to the one involved in the present case. The victim, in the instant case, had more than ample opportunity to view the defendant. The defendant initially entered Hingle’s truck at the Shell station, a well-lit area. Thereafter, Hingle was in defendant’s presence for approximately five to ten minutes. Hingle’s degree of attention was also sufficiently focused on the .defendant due to their proximity in the victim’s truck and also due to the physical confrontation they had as the victim was trying to gain control over defendant’s weapon. Although the description of defendant given by the victim was generalized, the victim immediately and without hesitation identified defendant as the perpetrator when he saw him in the rear of the police car. Likewise, he gave an in-court identification of the defendant as,the perpetrator.
In the present case, the defendant has not met his burden of proving that the identification procedure was suggestive. Moreover, under the circumstances of this case, there was no likelihood of misidentifi-cation. The trial judge was correct in denying the motion to suppress the in-field identification.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. TWO
DENIAL OF MOTION FOR NEW TRIAL/EVIDENCE INSUFFICIENT TO SUPPORT THE VERDICT:
In this assignment, defendant challenges the sufficiency of the evidence which was used to convict him of attempted armed robbery. The appellate brief submitted by defendant does not present any specific factual basis for challenging the sufficiency of the evidence. Rather, defendant merely urges this court to examine the overall sufficiency of the evidence presented against him at trial. This does not comply with Rule 2-12.4 of the Uniform Rules-Courts of Appeal which sets forth the requirements for an appellant’s brief. However, in the interest of judicial economy, we will consider the issue raised by the defendant here.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution to find the essential elements of the crime beyond a reasonable doubt.
In the present case, defendant was convicted of attempted armed robbery. LSA-R.S. 14:27, 14:64. Armed robbery is defined in LSA-R.S. 14:64 as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
An attempt is defined in LSA-R.S. 14:27(A) as follows:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
In State v. Hunter, 454 So.2d 131 (La.App. 2nd Cir.1984), writ denied, 456 So.2d 1018 (La.1984), the Second Circuit found the evidence to be sufficient to sustain defendant’s conviction for attempted armed *452 robbery where defendant entered the vehicle in which victim was sitting, threatened her with a knife, and picked up car keys that were on the front seat. In Hunter, the only reason defendant did not succeed in taking the car was because the robbery was interrupted by the victim’s parents who were coming out of the store.
See also State v. Gayden, 452 So.2d 783 (La.App. 4th Cir.1984), State v. Fredenburg, 441 So.2d 443 (La.App. 2nd Cir.1983), State v. Johnson, 466 So.2d 741 (La.App. 4th Cir.1985), writ denied, 469 So.2d 979 (La.1985) and State v. Dixon, 442 So.2d 840 (La.App. 4th Cir.1983) where the evidence was found to be sufficient to sustain the defendant’s convictions for attempted armed robbery.
In the present case, as shown by the facts previously presented, the evidence was clearly sufficient to sustain defendant’s conviction of attempted armed robbery. The evidence produced at trial showed that the defendant entered the victim’s truck armed with a gun and demanded that the victim surrender his truck. The defendant did not succeed in his goal, however, because the victim grabbed his gun and a struggle ensued resulting in the victim gaining control of the gun. Within minutes, the defendant was apprehended at his mother’s house. The evidence further showed that the serial number on the gun which Hingle took from defendant matched the serial number on the gun owned by defendant’s mother and which she had reported was stolen by her son.
At trial, defendant produced evidence to show that he could not be the perpetrator because he had already been placed under arrest at 11:00 p.m. and the alleged time of the offense was 12:00 midnight. This evidence was successfully contradicted by the State because the police records show the time frame of the offense and defendant’s arrest was between 12:00 midnight and 1:00 a.m.
Defense counsel also tried to prove that defendant could not have returned home from the incident that fast because he had a physical deformity in his leg. There was no medical evidence produced to support this theory. Also, the defendant’s own evidence about his strength seems to contradict this theory. Defendant introduced evidence about his strength (that it took several officers to subdue him, that he pulled a tree out of the ground with his own hands, and that he punched a 300 pound man) in an attempt to show that it would have been impossible for the victim to wrestle with him and eventually gain control of the gun.
Accordingly, the evidence when viewed in a light most favorable to the prosecution was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that defendant had the specific intent to commit an armed robbery and in fact did an act for the purpose of and tending directly toward the armed robbery.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. THREE
ANY AND ALL ERRORS PATENT ON THE'RECORD:
As noted in defendant’s brief, an error patent review reveals that while the transcript and minute entry indicate that defendant was given credit for time served, the commitment does not so reflect. Since the defendant is entitled to credit for time served pursuant to LSA-C.Cr.P. art. 880, the commitment will be amended to reflect credit for time served, in conformity with the transcript and minute entry. See State v. Sherman, 532 So.2d 908 (La.App. 5th Cir.1988) and State v. Brown, 524 So.2d 264 (La.App. 5th Cir.1988) where the commitment was amended to reflect that defendant be given credit for time served as mandated by La.C.Cr.P. art. 880.
We have reviewed the entire record for other errors patent and find none other with any merit.
The commitment and sentence will be amended in accordance with the above.
ASSIGNMENT OF ERROR NO. FOUR
EXCESSIVENESS OF SENTENCE:
The defendant was convicted of attempted armed robbery and was sentenced pursuant to a multiple offender bill of in *453 formation to 60 years at hard labor without benefit of parole, probation or suspension of sentence.
Based on the applicable statutes, as a third felony offender, the minimum sentence defendant could have received was 24 & 3/4 years and the maximum was 99 years. Defendant was sentenced to a mid-range term of 60 years. Defendant now complains that this sentence is excessive.
The legislature has enacted guidelines to be considered by the trial court in sentencing a particular defendant. See C.Cr.P. art. 894.1.
It has been held that even in the absence of adequate compliance with the guidelines, a remand for resentencing is not necessary when the sentence imposed is not apparently severe or when the record otherwise supports the sentencing choice. State v. Ancona, 527 So.2d 451 (La.App. 5th Cir.1988).
Although the trial judge in the instant case did not fully recite the sentencing guidelines, it is clear that he considered them in the imposition of the sixty year sentence on defendant. The record in the present case, including defendant’s previous criminal record, his attitude in court, his seeming lack of remorse and the danger to which he exposed the victim, support the imposition of the 60 year sentence.
The 60 year sentence here for this third felony offender is not excessive. The trial judge recognized the defendant as one who was in definite need of correctional treatment since he had attempted to make criminal conduct a way of life.
This assignment of error has no merit.
DECREE
For the foregoing reasons, the conviction of the defendant is affirmed and his 60 year sentence is amended to include credit for time served.
AMENDED, AND AFFIRMED AS AMENDED.