767 So.2d 833 (2000)
STATE of Louisiana
v.
Lindy JACKSON.
No. 00-KA-191.
Court of Appeal of Louisiana, Fifth Circuit.
July 25, 2000.
*834 Paul D. Connick, Jr., Ellen S. Fantaci, Assistant D.A., Terry M. Boudreaux, Assistant D.A., Joe Aluise, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
J. Rodney Baum, Louisiana Appellate Project, Baton Rouge, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MADELINE JASMINE, Judge Pro Tempore.)
DUFRESNE, Judge.
The defendant, Lindy Jackson, challenges his conviction and sentence for possession of a firearm by a convicted felon. For the reasons set forth herein, we affirm the defendant's conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging the defendant with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. The matter proceeded to trial before a twelve person jury at the conclusion of which the defendant was found guilty as charged. As a result of this conviction, the court sentenced the defendant to twelve years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals.

*835 FACTS

On August 12, 1998, at approximately 7:30 a.m., officers with the Kenner Police Department executed a search warrant at 2601 Jasper Street in Jefferson Parish.[1] Detectives William Sandino and George Ansardi, along with other narcotics officers, entered the residence, while Detective Jenell Godfrey remained outside until the residence was secured. Upon entry, the officers observed the defendant and a juvenile, identified as Ernest Jackson, in the living room. They also found occupant Laurie Johnson's two young girls in the rear bedroom. After these individuals were secured, Detective Sandino commenced a physical search of the residence. Pursuant to this search, Officer Sandino found a loaded gun in the first bedroom on top of a dresser in plain view. Sandino brought the weapon to the living room and said, "Look what I found." In response, the defendant "threw his hands up and said, `I knew it was there, but it's not mine'." All three detectives testified that they heard the defendant make this comment.
Further investigation revealed that the residence was rental property owned by Mr. Shindler. Detective Sandino obtained a copy of the lease agreement which the defendant and Laurie Johnson, his girlfriend at the time, signed. Based on these facts, the defendant was arrested and subsequently charged with being a felon in possession of a firearm.
At trial, the defense presented several witnesses to controvert the testimony of the officers. The testimony of the defense witnesses indicated that the gun belonged to Donald Rodriguez, and that Rodriguez, not the defendant, lived at the Jasper Street address at the time of the search. The defense testimony further indicated that the defendant never possessed the gun and did not know of its existence.
After listening to this contradictory testimony, the jury found the defendant guilty of possession of a firearm by a convicted felon.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, the defendant complains that the trial court erred in denying his motions for mistrial based on testimony elicited by the state from Detective Sandino and the defendant regarding other charges and the nature of the defendant's prior conviction. The defendant asserts that since the parties entered into a stipulation that the defendant was previously convicted of a felony enumerated in LSA-R.S. 14:95.1, the state was precluded from bringing up other charges as well as the nature of the prior conviction.[2]
We will first address Detective Sandino's testimony. The defendant specifically complains about the following:
Q. Now, why is it that you decided to charge Mr. Jackson with possession of that gun?
A. Well, that was Mr. Jackson's house, and, furthermore, he stated that he knew it was there. He had a past conviction, and that's what he was charged with, along with other charges [emphasis added].
After the detective responded to a few other questions, defense counsel asked for a bench conference, at which point he moved for a mistrial on the basis that the officer's testimony constituted impermissible other crimes evidence. The trial judge denied the defendant's motion.
The trial court is required to grant a mistrial, upon motion of the defendant, *836 when a remark or comment about another inadmissible crime committed by the defendant is made by the judge, district attorney, or a court official. LSA-C.Cr.P. art. 770. A police officer is not a court official under the mandatory mistrial provisions of LSA-C.Cr.P. art. 770. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
Thus, the defendant's request for a mistrial is governed by LSA-C.Cr.P. art. 771, which reads as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
On the motion of defendant, the trial court has discretion to grant a mistrial if it believes an admonition is insufficient to assure the defendant a fair trial and that ruling will not be disturbed on review absent an abuse of discretion. A mistrial is warranted only if the comment or remark results in substantial prejudice to the accused. State v. Bell, 97-896 (La. App. 5 Cir. 10/14/98), 721 So.2d 38, writs denied, 98-2875 (La.3/12/99), 738 So.2d 1085 and 98-2890 (La.3/12/99), 738 So.2d 1085.
Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for the reversal of a conviction. State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Ducote, 614 So.2d 735 (La.App. 5 Cir. 1993). A witness's voluntary, unresponsive testimony which implicates a defendant in other crimes does not require a mistrial, at least where the form of the prosecutor's question does not indicate bad faith. State v. Ingram, 29,172 (La.App. 2 Cir. 1/24/97), 688 So.2d 657.
In the present case, we find that the trial judge did not err in denying the defendant's motion for mistrial based on Detective Sandino's testimony. The comment was unresponsive to the question asked. Furthermore, the complained of testimony was vague and made no specific mention of the crimes the defendant was charged with at the time of his arrest. Therefore, LSA-C.Cr.P. art. 771 does not mandate a mistrial.[3]
On appeal, the defendant also argues that the trial judge erred in denying his motion for a mistrial based on the state's questioning of defendant about his prior conviction for possession of cocaine despite the stipulation. The defendant complains about the following colloquy:
Q. [y]ou do have a prior conviction; right?
A. Yes.
Q. And it's for possession of cocaine; correct?
MS. VAUGHN [Defense attorney]:
[I]'m going to object. We've already stipulated. I'm going to move

*837 MR. ALUISE [prosecutor]:
This is impeachment ...
MS. VAUGHN:
I'm going to move for a mistrial.
THE COURT:
Well, that stipulation was for another reason. The defendant took the stand, so
MS. VAUGHN:
I move for a mistrial.
THE COURT:
Well, denied.
Following this denial, questioning of the defendant resumed. The defendant testified that he pled guilty to possession of cocaine but denied that it was his cocaine. Instead, he stated he was "railroaded."
We find that the trial judge did not abuse his discretion in denying the defendant's motion for mistrial. LSA-C.E. art. 609.1 clearly permits the state to use evidence of prior convictions to impeach the credibility of a defendant who testifies. Furthermore, the Louisiana Supreme Court recently held that proof of a prior specifically enumerated felony conviction is an essential element under La.R.S.14:95.1 and evidence of name and nature of the defendant's prior conviction may be presented to the jury by the State, even where the defense offered to stipulate to the prior offense. State v. Ball, 99-0428 (La.11/30/99), 756 So.2d 275.
Based on the foregoing reasons, we find that the trial judge did not err in denying defense counsel's motions for mistrial made during the testimony of Detective Sandino and the defendant. Accordingly, the issues raised by the defendant in this first assigned error are without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, the defendant contends that the trial court, in imposing sentence, failed to adequately consider the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. He asserts that the judge did not consider mitigating circumstances and further did not particularize the sentence to the defendant and the facts of this case.
We first note that defense counsel did not file a motion to reconsider sentence nor did she orally object at the time sentence was imposed. LSA-C.Cr.P. art. 881.1D provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Despite the fact that a motion to reconsider was not filed, we will nonetheless review the defendant's sentence in order to properly dispose of his claim of ineffective assistance of counsel which is raised in his third assignment of error.
In the present case, the defendant was convicted of possession of a firearm by a convicted felon. Whoever is found guilty of this offense "shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and fined not less than one thousand dollars nor more than five thousand dollars." LSA-R.S. 14:95.1B. The trial judge sentenced the defendant to twelve years at hard labor without benefit of probation, parole, or suspension. In imposing this sentence, the trial judge failed to specify any reasons. The defendant now contends that the trial court's failure to articulate reasons for sentencing as provided by LSA-C.Cr.P. art. 894.1 requires a remand.
In State v. Hardy, 98-25 (La.App. 5 Cir. 5/13/98), 715 So.2d 466, 473, this court explained:
The Louisiana Constitution in Article 1, Section 20, prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit *838 may violate a defendant's right against excessive punishment.
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentencing is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion.
Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A), (B). Although not every aggravating and mitigating circumstance needs to be articulated, the record must show the sentencing court adequately considered the sentencing guidelines. However, a remand for more complete compliance with Article 894.1 is not necessary when the sentence imposed is not apparently severe, or where the record otherwise clearly illumines the sentencing choice.
On review, this Court must ensure that the defendant's sentence was individualized and tailored to her and the particular offense she committed [citations omitted].
In the instant case, although the trial judge failed to articulate reasons, we find that the record supports the sentence imposed. The record shows that the defendant has a prior felony conviction and that he endangered the lives of two young children who had access to a loaded weapon which was in plain view. Moreover, a remand is not necessary because the sentence imposed is not apparently severe. The defendant's sentence of twelve years is within the middle portion of the sentencing range. Moreover, the trial judge failed to impose the mandatory fine of $1,000, thus making the sentence illegally lenient.[4] Given these factors, we find that the trial judge did not abuse his discretion in imposing a sentence of twelve years on this particular defendant. Accordingly, we find no merit to this assigned error.

ASSIGNMENT OF ERROR NUMBER THREE
In his third assigned error, the defendant asserts that trial counsel was ineffective for failing to file a motion to reconsider sentence.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), writ denied, 546 So.2d 1212 (La.1989). Since the record contains sufficient evidence to decide this issue, we will address the defendant's claim of ineffectiveness.
In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is not enough for the accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific *839 showing of prejudice. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051.
Since this court has, in fact, reviewed the defendant's sentence, we cannot say that the defendant was prejudiced by counsel's failure to file a motion to reconsider sentence. Accordingly, the defendant's allegation of ineffective assistance of counsel is without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Other than the illegally lenient sentence noted in the second assigned error, our review reveals no errors patent.
For the reasons set forth herein, the defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] At trial, it was stipulated that the search warrant was valid in all respects.
[2] Prior to trial, the prosecutor and defense counsel agreed to stipulate that the defendant in this case was convicted on July 16, 1998, of a felony enumerated in LSA-R.S. 14:95.1. Defense counsel agreed to this stipulation with the understanding that the state would not bring up the nature of the prior conviction.
[3] We note that the defendant did not request that an admonition be given to the jury. In the absence of such a request, the trial judge was not obligated to admonish the jury. State v. McPherson, 98-1207 (La.App. 5 Cir. 3/30/99), 733 So.2d 634.
[4] Since the state failed to properly preserve this error for appeal, this court is prohibited from acting to correct the illegally lenient sentence. State v. Harrell, 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231.