786 So.2d 785 (2001)
STATE of Louisiana,
v.
Ronnell WILLIAMS.
No. 00-KA-1850.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
*788 Paul D. Connick, Jr., District Attorney, 24th Judicial District Court, Terry M. Boudreaux, Alison Wallis, Donald Rowan, Jr., Assistant District Attorneys, Gretna, LA, Counsel for State.
J. Rodney Baum, Baton Rouge, LA, Counsel for defendant-appellant.
Court composed of Judges SOL GOTHARD, CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
McMANUS, Judge.
In this appeal, Defendant Ronnell Williams appeals his conviction and sentence. We affirm the conviction and sentence, but remand the matter for compliance with LSA-R.S.C.Cr.P. art. 930.8.

STATEMENT OF THE CASE
On December 13, 1999, the Jefferson Parish District Attorney filed a bill of information charging Defendant, Ronnell Williams, with Count 1, robbery of Louis Cheramie while armed with a dangerous weapon, a violation of LSA-R.S. 14:64, and Count 2, aggravated criminal damage to a truck tail gate belonging to Louis Cheramie, a violation of LSA-R.S. 14:55. Defendant was arraigned on December 16, 1999, and pled not guilty. Defendant filed a motion to suppress his statement and identification, which was denied on March 14, 2000. Also on that date, Defendant filed a motion to continue trial, which was denied. On March 14 and 15, 2000, the case was *789 tried before a 12-person jury,[1] which unanimously found Defendant guilty as charged. Defendant was sentenced on May 26, 2000, to imprisonment at hard labor for 49½ years without benefit of probation, parole, or suspension of sentence. The State filed a multiple offender bill of information alleging Defendant to be a second felony offender. On August 11, 2000, Defendant admitted the allegations of the multiple bill. On that same date, the trial court vacated the original sentence and sentenced Defendant to imprisonment at hard labor for 49½ years without benefit of probation or suspension of sentence. Defendant filed a motion for appeal on August 14, 2000, which was granted.

FACTS
Louis Cheramie, a life insurance agent with Union National Life Insurance Company, testified for the State that on November 17, 1999, at approximately 4:00 p.m., he collected money from a customer at Jefferson Place Apartments, and then got back into his truck. He started the truck and attempted to shut the door, but it wouldn't shut. Cheramie looked up, the door flew open, and he saw Defendant, who had a gun. Defendant demanded money, so Cheramie reached into his pockets and gave Defendant all the cash he had, which was about $300.00 or $400.00. Defendant asked him to open his pockets and show him whether there was any more money in them. He then told Cheramie to get the "f ..." out of there. Cheramie started driving, and a couple of seconds later he heard a gunshot, but continued driving. He drove about two miles to a customer's house and called the police, who arrived about three or four minutes later. At trial, Cheramie identified a photograph of his truck with a bullet lodged in the tailgate of the truck. He stated that the bullet was not there before he was robbed. Immediately after the robbery, Cheramie told the police that the person who robbed him was an unknown black male, about 5'10" or 5'11", 210 pounds, unshaven, and wearing an off-white coat and jeans. At approximately 7:00 or 8:00 p.m. on the night of the robbery, Cheramie received a phone call from Detective John Carroll, who asked Cheramie to come to his office. Cheramie testified that when he got there, the detective showed him a photo lineup, and Cheramie identified Defendant as the person who robbed him. Cheramie also identified Defendant in court as the person who robbed him.
Detective John Carrroll of the Jefferson Parish Sheriffs Office testified for the State that on November 17, 1999, Cheramie identified Defendant from a photo *790 lineup as the person who robbed him. Detective Carroll stated that he received two calls at the detective bureau from two persons who claimed that Defendant was the individual who robbed Cheramie. On November 18, 1999, Detective Carroll located and arrested Defendant, and read him his rights. After Defendant indicated that he understood his rights, he gave a statement and confessed to committing the crime.
Assistant District Attorney, Paul Schneider, called by the defense as a witness, testified that there was a note in the file which indicated that Cheramie said he believed he had met the individual who robbed him one time before the robbery, and that he may have done business with the mother of the Defendant. Schneider's notes also showed that Cheramie did not tell law enforcement that he had met Defendant before, because Cheramie did not realize this until later, when Defendant's mother brought it to his attention.

ASSIGNMENT OF ERROR NUMBER ONE
As his first assignment of error, the Defendant argues that the trial court erred by denying his Motion to Continue the trial.
On January 31, 2000, defense counsel, Sandra Fuselier, requested a continuance of trial. The continuance was granted, and the trial was re-set for February 2, 2000. On February 2, 2000, Fuselier requested another continuance. The trial was ordered continued and re-set for March 13, 2000. On March 13, 2000, Defendant's new counsel, Yvonne Hughes, requested a continuance of Defendant's motion to suppress hearing and trial. The hearing and the trial were ordered continued and re-set for March 14, 2000. On March 14, 2000, Defendant's motion to suppress was denied. Defense counsel reurged her motion to continue trial, arguing in her motion (filed on March 14, 2000) and in court that she needed time to obtain transcripts of the motion to suppress hearing, that she had previously scheduled conflicts, that she needed time to vote, and that she was newly retained counsel and needed additional time to prepare the defense. The court denied the motion. Defendant filed two writ applications with this Court, both of which were denied.[2]
LSA-C.Cr.P. art. 707 requires a motion for continuance to be in writing and filed at least seven days prior to trial, although in the interest of justice, the trial court may grant a continuance upon written motion at any time after a contradictory hearing. State v. Winfrey, 97-427 (La. App. 5 Cir. 10/28/97), 703 So.2d 63, 68, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481. The granting of a continuance is discretionary on the part of the trial judge. LSA-C.Cr.P. art. 712; State v. Kelly, 96-903 (La.App. 5 Cir. 11/12/97), 704 So.2d 800, 807-808, writ denied, 97-3104 (La.4/9/98), 717 So.2d 1142; State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775, 776. The denial of a motion for continuance is not grounds for reversal absent abuse of discretion and a showing of specific prejudice. State v. Kelly, 704 So.2d at 807-808; State v. Wilson, 683 So.2d at 776.
Defense counsel argued at trial that a continuance was necessary because she was newly retained and needed additional time to prepare a defense. It is well settled that a defendant in a criminal trial cannot, by a last minute change of counsel, force a postponement. State v. Leggett, *791 363 So.2d 434, 436 (La.1978); State v. Anthony, 347 So.2d 483, 487 (La.1977). In State v. Divine, 98-812 (La.App. 5 Cir. 5/19/99), 738 So.2d 614, 617, writ denied, 99-2393 (La.2/4/00), 754 So.2d 222, cert. denied, 530 U.S. 1219, 120 S.Ct. 2227, 147 L.Ed.2d 258 (2000), defense counsel orally moved for a continuance on the day of trial, saying that defendant had told him that he had hired another lawyer to represent him. The trial court denied the motion, stating that there was a two-month period from the date of arraignment to trial for defendant to retain new counsel or to handle any other matters that he felt appropriate. In Anthony, defendant sought to continue his trial because he claimed to have procured new trial counsel. The Louisiana Supreme Court upheld the trial court's denial of defendant's motion to continue, finding that defendant's request was a delaying tactic. State v. Anthony, 347 So.2d at 487. In the instant case, Defendant was arraigned on December 16, 1999, and the trial was continued twice, and then re-set on March 14, 2000, which gave Defendant a three-month period of time to find other counsel and to "handle any other matters he felt appropriate."
Defense counsel also argued at trial that a continuance was necessary in order to obtain a copy of the transcript of the hearing on Defendant's motion to suppress. In State v. Prout, 95-1845 (La.App. 4 Cir. 4/10/96), 672 So.2d 933, 934-935, defendant argued that the trial court erred in denying his request for a continuance, when the promised preliminary examination transcript was not provided. The court stated that although a defendant in a criminal prosecution has a statutory right to a transcript of the preliminary hearing in his prosecution, the failure to provide the transcript is not reversible error absent a showing that prejudice in the cross-examination and impeachment of contrary witnesses was actually sustained. Id. The court in Prout found that no such prejudice had been alleged or shown, and therefore, the assignment of error was without merit. In the instant case, Defense counsel requested a copy of the transcript of the hearing on the motion to suppress. The trial court stated:
Well, I don't think there's any need for a transcript. The testimony of the officer was very short. I remember what it is. I'm sure you're going to remember. And it'sif I'm going to remember anyI will remember any discrepancies and we'll take them up as they come up, if we have any problems.
The prosecutor noted that the tape of the proceedings could be played if there was any question about the actual testimony. Further, the record indicates that defense counsel was present at the hearing on the motion to suppress and remembered the testimony. During the crossexamination of Detective Carroll at trial, defense counsel attempted to impeach him with his prior testimony. Therefore, Defendant has failed to show that prejudice in the cross-examination and attempts to impeach contrary witnesses actually occurred.
On the face of the record, we see no prejudice resulting from this alleged error, and cannot say that the error warrants reversal of the conviction.

ASSIGNMENT OF ERROR NUMBER TWO
As his second assignment of error, Defendant argues that the trial court erred by denying his challenges for cause of three members of the jury panel.
Defendant argues that the trial court erred in denying his challenges for cause during voir dire of prospective jurors Wayne Thomas, Rhonda Sherman, and *792 Kevin Perez. He claims that these prospective jurors should have been excused for cause because their voir dire responses indicated that they could not be impartial or give the case the attention it deserved. The State responds that the trial court did not err in denying Defendant's challenge for cause of Sherman, because she stated that she could be fair and impartial. The State contends that Defendant was not prejudiced by the trial court's denial of challenges for cause of Thomas and Perez, because the State exercised its peremptory strikes to remove them, giving Defendant more, not less, say in determining the jury composition.
Regarding challenges to jurors Thomas and Perez, we agree with the State's assertions that this claim is without merit. Because the State challenged the jurors, Defendant was not forced to use peremptory challenges to insure that they would not serve on the jury. Therefore, Defendant cannot show such prejudice as would mandate a retrial. LSA-C.Cr.P. art. 921; State v. Vanderpool, 493 So.2d 574, 575 (La.1986); State v. Berry, 95-1610, at 5 (La.App. 1 Cir. 11/8/96), 684 So.2d 439, 448. And because these jurors did not actually serve on the jury, Defendant's assertions regarding the disqualifying factors pertinent to each one are simply immaterial. Regarding jurors Thomas and Perez, this claim is without merit.
Nor do we find any reversible error regarding juror Sherman.
LSA-C.Cr.P. art. 797 provides, in pertinent part, as follows:
The state or the defendant may challenge a juror for cause on the ground that:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence ...
(4) The juror will not accept the law as given to him by the court.....
The law regarding challenges for cause was set forth in State v. Anderson, 99-456 (La.App. 5 Cir. 10/26/99), 750 So.2d 1008, 1013 as follows:
A challenge for cause should be granted, even when a prospective juror declares his or her ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied. State v. Allen, 95-1754 (La.9/5/96), 682 So.2d 713, rehearing denied, (La.10/4/96); State v. Bailey, 97-302 (La.App. 5 Cir. 4/28/98), 713 So.2d 588, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The trial judge is afforded great discretion in determining whether cause has been shown to reject a prospective juror, and such determinations will not be disturbed on appeal unless a review of the voir dire as a whole indicates an abuse of that discretion. State v. Lee, 93-2810 (La.5/23/94), 637 So.2d 102; State v. Alberto, 95-540 (La.App. 5 Cir. 11/28/95), 665 So.2d 614, writ denied, 95-1677 (La.3/22/96), 669 So.2d 1222, writ denied, 96-0041 (La.3/29/96), 670 So.2d 1237. To prove error warranting reversal of both the conviction and sentence, a defendant need only show that she exhausted all of her peremptory challenges and that the trial judge erroneously denied a cause for challenge. State v. Connolly, 96-1680 (La.7/1/97), 700 So.2d 810.
State v. Anderson, 750 So.2d at 1013.
In this case, the record shows the Defendant used all 12 of his peremptory challenges. *793 Thus, the issue is whether the trial judge's refusal to remove juror Sherman was an abuse of discretion.
Defendant contends that Sherman gave responses in voir dire that indicated she could not be impartial or give the case the attention it deserved.
Sherman stated that she was a college student and single mother with four children ranging in ages from 2 to 12 years old. She later said that her brother had been murdered five and one-half years ago and that she was still very angry, but that "as far as fairness and impartiality, I don't think it would affect it one way or the other." The Defendant challenged Sherman for cause, but the court denied it, and the Defendant exercised a peremptory strike to remove her from the panel.
Sherman's responses, as a whole, plainly do not demonstrate that she could not have been impartial or that there might have been any other reason she would not have been able to faithfully execute her duties as a jury member. Given the entire record of the voir dire, including the discussion among the State, defense counsel, and the trial judge, we cannot say that the trial judge abused his discretion in disallowing a cause challenge to remove Sherman from the jury.
We cannot say that this alleged error merits reversal.

ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
As his third and fourth assignments of error, Defendant asserts that the trial court erred by imposing an excessive sentence, and further, that he was denied effective assistance of counsel because no motion to reconsider the sentence was filed within the statutory delay. We address these assignments together since they both involve sentencing.
Defendant argues that counsel was ineffective in failing to file a motion to reconsider sentence. The State responds that Defendant cannot show the prejudice necessary to prevail on a claim of ineffectiveness, because even a proper objection would not have affected the sentence imposed. Defendant argues that his 49½ year sentence as a second felony offender is constitutionally excessive. He claims that the trial judge failed to articulate reasons for sentencing as mandated by LSA-C.Cr.P. art. 894.1, and that the circumstances of this case do not justify the sentence imposed. The State responds that the record shows the trial judge sentenced Defendant to the mandatory minimum sentence for his criminal record, and that the trial judge did not abuse his discretion.
A claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355, 359 (La.1987); State v. McIntyre, 97-876, p. 10 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, may it be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La. 1993); State v. McIntyre, 97-876, p. 10, 708 So.2d at 1075. The appellate record in this case appears to contain sufficient evidence to allow review of the claim of ineffective assistance of counsel.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana *794 Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042, p. 9 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Serio, 94-131, p. 4 (La. App. 5 Cir. 6/30/94), 641 So.2d 604, 607. In order to show prejudice, the defendant must demonstrate that but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Soler, 93-1042, p. 9, 636 So.2d at 1075.
In State v. Chess, 00-163 (La.App. 5 Cir. 6/27/00), 762 So.2d 1279, 1285-1286, defendant argued that his trial counsel was ineffective because counsel failed to object to his sentence or to file a motion to reconsider sentence. Even though defendant failed to file a motion to reconsider sentence, the court reviewed his sentence for excessiveness. The court held that because defendant failed to demonstrate any prejudice caused by the failure to file a motion to reconsider, he failed under the second prong of the Strickland test to show that his trial counsel was ineffective. Similarly, in State v. Jackson, 00-191 (La. App. 5 Cir. 7/25/00), 767 So.2d 833, 839, defendant asserted that trial counsel was ineffective for failing to file a motion to reconsider sentence. The court in Jackson stated that since it had reviewed the defendant's sentence for excessiveness, it could not say that the defendant was prejudiced by counsel's failure to file a motion to reconsider sentence. Accordingly, the court found that defendant's allegation of ineffective assistance of counsel was without merit.
This Court has reviewed sentences for constitutional excessiveness despite a defendant's failure to file a timely motion to reconsider sentence. State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342. This Court has also held that a defendant is not prejudiced by counsel's failure to object to a sentence at the trial court level when the sentence has been reviewed for constitutional excessiveness on appeal. State v. Lewis, 98-672, p. 9 (La.App. 5 Cir. 3/10/99), 732 So.2d 556, 561, writ denied, 99-2818 (La.4/20/00), 760 So.2d 334. Therefore, based on the foregoing law, Defendant's claim of ineffectiveness of counsel is without merit, since we may review Defendant's sentence for constitutional excessiveness notwithstanding his failure to file a motion to reconsider sentence.
Defendant did not orally object to his sentence as a second felony offender, and he failed to file a motion to reconsider sentence as is required by LSA-C.Cr.P. art. 881. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059, 1060 (La.1993); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 646. In Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with Article 881.1 precludes even a claim of constitutional excessiveness. However, in similar circumstances, this Court has considered the issue of whether the sentence was constitutionally excessive. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
*795 The law regarding excessive sentences is set forth in State v. Hester, 99-426 (La. App. 5 Cir. 9/28/99), 746 So.2d 95, writ denied, 99-3217 (La.4/20/00), 760 So.2d 342 (citations omitted):
The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Even a sentence which falls within statutory limits may be excessive under certain circumstances. Once imposed, a sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits.
State v. Hester, 746 So.2d at 103.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Jackson, 597 So.2d 1188, 1189 (La.App. 5 Cir.1992). The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Daigle, 96-782 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, 159.
On appeal, Defendant challenges the excessiveness of the enhanced sentence based on State v. Dorthey, 623 So.2d 1276 (La.1993). Defendant did not raise the claim below. Defendant received the mandatory minimum sentence under LSA-R.S. 15:529.1, the Habitual Offender Law. Despite having received the mandatory minimum sentence, Defendant's sentence may be reviewed for constitutional excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676; State v. Armstrong, 99-925 (La.App. 5 Cir. 2/16/00), 756 So.2d 533, 538. A mandatory sentence may be excessive if the sentence "makes no measurable contribution to acceptable goals of punishment or ... amounts to nothing more than the [purposeless ] imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Armstrong, 756 So.2d at 537. However, it is presumed that the mandatory minimum sentence under the Habitual Offender is constitutional. State v. Dorthey, 623 So.2d 1276 (La.1993). To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[h]e is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances.
State v. Johnson, 709 So.2d at 676.
Based on a review of the record, we cannot say that the Defendant has presented sufficient evidence to rebut the presumption of constitutionality of the sentence imposed and, therefore, the statutory minimum sentence of 49½ years is mandated and proper in this case.
The facts of the instant case are similar to those in State v. Banks, 612 So.2d 822, 827-828 (La.App. 1 Cir.1992). In Banks, defendant was convicted of armed robbery and sentenced as a second felony offender to imprisonment at hard labor for 65 years without benefit of parole, probation, or suspension of sentence. Defendant argued on appeal that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. On appeal, the court stated that a conviction *796 of armed robbery carried a penalty of imprisonment for not less than five years and not more than 99 years, and as a second felony offender, defendant's penalty exposure ranged from a minimum of 49½ years to a maximum of 198 years. The court found that defendant's 65-year sentence was in the lowest possible range of sentences. The court also stated that defendant did not deserve a lower sentence, even though the victim was not physically harmed and the incident was a "short ordeal" for the victim. Therefore, the court held that the sentence was not constitutionally excessive.
In State v. Wilson, 99-105 (La.App. 5 Cir. 7/27/99), 742 So.2d 957, 959, defendant was convicted of two counts of armed robbery and sentenced to two 60 year consecutive sentences. The appellate court stated the record supported the sentences imposed, in that defendant had a criminal history and several prior arrests for felony offenses. The court also noted that a review of the jurisprudence indicated that similar sentences imposed upon defendants convicted of armed robbery had been upheld. In State v. Martin, 557 So.2d 449, 452-453 (La.App. 5 Cir.1990), defendant was convicted of attempted armed robbery and sentenced pursuant to a multiple offender bill of information to 60 years at hard labor without benefit of parole, probation or suspension of sentence. As a third felony offender, the minimum sentence defendant could have received was 24% years and the maximum sentence was 99 years. The court found that the 60 year sentence was not excessive.
Defendant further argues that the trial judge did not adequately consider all of the criteria set forth in LSA-C.Cr.P. art. 894.1 when he imposed the sentence. This Court examined a defendant's claim that her sentence should be overturned for failure to comply with LSA-C.Cr.P. art. 894.1 in State v. Battie, 98-1296, p. 18 (La.App. 5 Cir. 5/19/99), 735 So.2d 844, 855, writ denied, 99-1785 (La.11/24/99), 750 So.2d 980. In Battie, the defendant contended that the trial court erred by failing to state for the record the considerations taken into account and the factual basis for imposing sentence as required by LSA-C.Cr.P. art. 894.1 C. However, this Court noted that the defendant did not include the issue of failing to comply with LSA-C.Cr.P. art. 894.1 C in either her motion to reconsider sentence nor did she argue regarding that issue at the hearing on the motion to reconsider sentence. In Battie, this Court therefore found that the defendant's failure to raise the issue in the trial court precluded her from raising the issue on appeal. See also State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 967-968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839 (citing Battie).
In the instant case, Defendant did not raise the issue of the trial court's failure to comply with LSA-C.Cr.P. art. 894.1 in the trial court and raises this issue for the first time on appeal. Therefore, under the authority of State v. Wickem and State v. Battie, cited above, Defendant is precluded from raising this issue on appeal. Moreover, we note that even if Defendant was not precluded from raising this issue on appeal, since there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 would not require a remand for re-sentencing. State v. Tribbit, 00-153 (La.App. 5 Cir. 8/29/00), 767 So.2d 901, 903-904, citing State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082. In the instant matter, although the trial judge did not give reasons in sentencing Defendant, the record supports *797 the 49½-year sentence imposed based on the second felony offender status. The State presented the testimony of the victim, Cheramie, who positively identified Defendant as the individual who robbed him and then shot at his vehicle as he drove away. Therefore, there clearly is an adequate factual basis for the sentence contained in the record.

ASSIGNMENT OF ERROR NUMBER FIVE
As his fifth assignment of error, Defendant argues that the trial court failed to notify him of the legal delays for applying for post-conviction relief. Defendant correctly argues that the trial court failed to notify him of his legal delays for applying for post-conviction relief as is mandated by LSA-C.Cr.P. art. 930.8, either at the time of the original sentencing or at the time of the sentencing on the multiple bill, despite the commitment/minute entry which indicates otherwise. When there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). LSA-C.Cr.P. art. 930.8 provides that a court shall not consider an application for post-conviction relief, including applications which seek an out-of-time appeal, if the application is filed more than two years after the conviction and sentence have become final. Therefore, the trial judge is instructed to advise Defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of its opinion, then to file written proof that Defendant received such notice in the record of the proceedings. State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975.[3]

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals errors patent in this case.
The transcript indicates that the trial judge imposed only one sentence, even though Defendant was convicted of two separate offenses; however, the commitment/minute entry reflects that the trial judge imposed two separate sentences. When there is a discrepancy between the transcript and the minute entry, the transcript will prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). Further, though the trial judge correctly vacated the original sentence prior to the imposition of the sentence imposed for the multiple offender conviction, because there should have originally been two sentences, the multiple offender sentence should have been imposed in addition to one of the remaining earlier sentences.
The trial court must impose a separate sentence for each separate count on which Defendant was convicted. State v. Joseph, 96-187 (La.App. 5 Cir. 11/14/96), 685 So.2d 237, 248-249, writ granted in part on other grounds, 96-2998 (La.5/9/97), 693 So.2d 782. Patent sentencing error occurs when a trial court, in sentencing for multiple counts, does not impose a separate sentence for each count. State v. Soco, 94-1099 (La.App. 1 Cir. 6/23/95), 657 So.2d 603. An exception to that rule is found in State v. Batiste, 517 So.2d 371, 373 (La.App. 5 Cir.1987), in which this *798 Court upheld a single sentence for convictions on multiple counts in an instance where the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and the term of imprisonment is reasonable.
In Joseph, the court found that the three counts on which defendant was convicted involved three distinct drug transactions, which were not part of a common plan and, therefore, the court vacated the sentence and remanded the matter to the trial court for re-sentencing. However, in Batiste, defendant was charged with two counts of armed robbery and pled guilty to these charges, but the trial judge only imposed a single sentence of 15 years. This Court declined to remand the case for clarification or re-sentencing, because the sentences for a conviction on each count would more appropriately be concurrent rather than consecutive, and because the 15-year sentence was reasonable under the circumstances. Under LSA-C.Cr.P. art. 883, there is a presumption that if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively.
In the instant case, it does not appear that remand for clarification is necessary. Though the single sentence is not strictly proper, because the one sentence is reasonable, it does not affect any substantial rights of the Defendant. LSA-C.Cr.P. art. 883; State v. Batiste, 517 So.2d at 373.
The trial judge also imposed an illegally lenient sentence when he sentenced Defendant to imprisonment at hard labor for 49½ years without benefit of probation or suspension of sentence. Defendant's sentence as a habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence. State v. Toomer, 572 So.2d 1152, 1155-1156 (La.App. 1 Cir.1990) (citations omitted). Thus, Defendant's sentence was illegally lenient. When the trial court has imposed an illegal sentence, either the defendant or the prosecutor may move to correct the sentence in the trial court, or the trial court may raise the question on its own motion at anytime. Furthermore, an appellate court may not correct an illegally lenient sentence of which the prosecutor has not complained. State v. Fraser, 484 So.2d 122, 124 (La.1986).
Therefore, for the above reasons, we affirm Defendant's sentence and conviction, but remand the matter for the trial judge to provide Defendant with the appropriate delays within which to file an application for post conviction relief, then to place proof of such notice in the record.
AFFIRMED; REMANDED FOR COMPLIANCE WITH LSA-R.S.C.Cr.P. art. 930.8.
NOTES
[1] Trial of the two counts together before a 12person jury was proper. According to LSA-R.S. 14:64, whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. According to LSA-R.S. 14:55, whoever commits the crime of aggravated criminal damage to property shall be fined not more than ten thousand dollars, imprisoned with or without hard labor for not less than one nor more than fifteen years, or both. Offenses in which punishment is necessarily confinement at hard labor may be charged in the same information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. LSA-C.Cr.P. art. 493.2. The two offenses in this case are based on two acts or transactions connected together, and further, constitute part of a common scheme or plan; therefore, the two offenses were properly tried together in this case.
[2] These decisions, made under our supervisory authority, do not bar our review of these issues here. State v. Fontenot, 550 So.2d 179 (La.1989).
[3] The State has no objection to this Court advising Defendant of the delays for postconviction relief.