889 So.2d 1071 (2004)
STATE of Louisiana
v.
Jasper JACKSON a/k/a Jasper M. Carr
State of Louisiana
v.
Jasper Jackson.
Nos. 04-KA-758 to 04-KA-765.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 2004.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Donald Rowan, Assistant District Attorneys, Twenty-Fourth Judicial District Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed eight separate bills of information charging defendant, Jasper Jackson, also known as Jasper Carr and Jasper Beverly,[1] with twelve counts of distribution of *1072 cocaine in violation of LSA-R.S. 40:967(A), six counts of possession of cocaine in violation of LSA-R.S. 40:967(C), and one count of possession of oxycodone in violation of LSA-R.S. 40:967(C). Defendant initially pled not guilty to all of the charges at arraignment.
On the date set for trial, defendant filed an oral motion for continuance which the trial judge denied. Following this denial, defendant withdrew his former plea of not guilty, and after being advised of his constitutional rights, pled guilty as charged. Defendant entered his guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), without reserving any particular pre-plea ruling for appeal.[2] Thereafter, the trial judge sentenced defendant to serve twelve years at hard labor on each count of distribution of cocaine, five years at hard labor on each count of possession of cocaine, and five years at hard labor on the one count of possession of oxycodone. The trial judge ordered all of the sentences to be served concurrently with each other, and ordered that the first five years were to be served without benefit of parole. Defendant filed a timely motion for appeal for all of the cases, which the trial judge granted. This court subsequently consolidated all eight of the appeals.
On appeal, defendant argues that the trial court abused its discretion when it denied his motion for a continuance in order to be represented by retained counsel who was not available on the day of trial. The state first responds that defendant's claim is not preserved for appeal because he failed to reserve any pre-plea ruling for appeal.[3] The state also responds that the trial judge did not abuse his discretion in denying the motion to continue. For the reasons which follow, we find no error in the trial court's denial of defendant's motion to continue.
On April 26, 2004, the day of trial in the present case, retained counsel, Jim Williams, appeared along with appointed counsel, John Benz, for a pre-trial conference. Thereafter, Mr. Benz made an oral motion for a continuance[4] so that Mr. Williams could represent him at another trial setting, since Mr. Williams could not stay to try the case. The trial court denied the motion with these reasons:
THE COURT:
I'm going to deny the motion. Mr. Williams is due to be in Federal Court for the remainder of the week. It's the reason why I told you  Well, I had my secretary call you Mr. Benz I think last Tuesday, to let you know that if he  That I was aware from another motion on an unrelated case that Mr. Williams had filed stating as much, that he would not be able to appear. It was a motion to continue another case, not this defendant, and because I knew about that, I therefore had her tell you to just assume that he would not be able to try the *1073 case. He came in for a pre-trial conference this morning and he said that he understood that he would not, if the case went to trial this week, that he would not be able to handle it and that you would still be serving as counsel of record and defending Mr. Jackson/Carr. I'm going to deny the continuance also because not only are you ready and Mr. Williams is not and not available but Mr. Jackson has had, if you consider all the various records, these matters that he has have been postponed for as much as four years due to dozens of attachments for failing to appear on the several cases. So, the motion to continue is denied.
The granting of a continuance is discretionary on the part of the trial judge. The denial of a motion for continuance is not grounds for reversal absent abuse of discretion and a showing of specific prejudice. LSA-C.Cr.P. art. 712; State v. Kelly, 96-903 (La.App. 5 Cir. 11/12/97), 704 So.2d 800, 807-808, writ denied, 97-3104 (La.4/9/98), 717 So.2d 1142.
In State v. Williams, 00-1850 (La.App. 5 Cir. 4/11/01), 786 So.2d 785, 791, writ denied, 01-1432 (La.4/12/02), 812 So.2d 666, this court found no prejudice in the trial court's denial of a motion to continue. In Williams, defendant secured two continuances with his first attorney. The day of trial, defendant's new attorney requested a continuance and the matter was continued one day. The next day, counsel re-urged the motion on the basis that she had scheduling conflicts, that she was newly retained and needed additional time to prepare a defense. The Williams court held that it was not an abuse of discretion for the trial court to deny the motion, noting that there was a three-month period between the time of defendant's arraignment and the trial date in which defendant could have found other counsel. Further, the Williams court found that the record disclosed no prejudice to the defendant.
Likewise, in State v. Bond, 94-509 (La.App. 5 Cir. 1/31/95), 650 So.2d 354, 358-359, this court concluded the defendant was not entitled to a continuance to be represented by an attorney defendant had just contacted. The Bond court noted that the defendant's appointed attorney had filed several pre-trial motions on his behalf and had stated on the day of trial that he was ready to proceed. Accord, State v. Divine, 98-812 (La.App. 5 Cir. 5/19/99), 738 So.2d 614, 617, writ denied, 99-2393 (La.2/4/00), 754 So.2d 222, cert. denied, 530 U.S. 1219, 120 S.Ct. 2227, 147 L.Ed.2d 258 (2000), which found no error in the trial court's denial of a motion to continue made on the day of trial on the basis that defendant told his present attorney he had retained another lawyer.
In the present case, we find that the trial court did not abuse its discretion in denying defendant's motion to continue. Defendant did not initially appear for arraignment in any of the cases. Defendant was arraigned on two of the cases on August 11, 2000, but did not appear until January 5, 2001, when he was arraigned on the remaining charges. Defendant missed his next court dates, and did not ultimately appear in court until nearly three years later on March 30, 2004. Defendant had ample time to obtain retained counsel if he chose to do so. Although it is not clear when Mr. Benz's representation of defendant commenced, the record shows that on September 8, 2000, Mr. Benz filed motions on defendant's behalf. Mr. Williams, on the other hand, filed a motion to enroll on April 21, 2004, just five days before trial. A defendant does not have a "constitutional right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications to the orderly *1074 trial of cases." State v. Leggett, 363 So.2d 434, 436 (La.1978). Considering the delays caused by defendant, the fact that defendant had several years between arraignment and the trial date to retain counsel, combined with the fact that Mr. Benz was ready for trial, we find no error in the trial court's denial of defendant's motion to continue. Moreover, defendant has not shown any prejudice in the denial of the motion. Accordingly, this assigned error is without merit.[5]
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We note that there are conflicts between the minute entries and the sentencing transcript. The transcript reflects that the trial judge stated that the "first five is to be served without the benefit of parole." The trial judge did not limit this restriction to any particular case. The minute entries in the possession of cocaine and possession of oxycodone cases are silent as to any parole restriction. The minute entries in the distribution cases indicate the trial judge ordered the first five years of the sentences to be without benefit of parole, probation, or suspension of sentence.
Further complicating matters is the fact that not all of the distribution sentences may be imposed without benefits for the first five years. The distribution sentence in appeal number 04-759 is not subject to this restriction because at the time of defendant's offense on September 19, 1995, the applicable penalty in LSA-R.S. 40:967(B)(1) was a sentence of imprisonment of not less than five years nor more than thirty years. An illegal sentence may be corrected at any time by the court that imposed it, or by an appellate court on review. LSA-C.Cr.P. art. 882. Accordingly, we amend defendant's sentence in appeal number 04-759 to delete the restriction on parole eligibility and order the trial court to correct the commitment accordingly. See, State v. Lipton, 02-162 (La.App. 5 Cir. 9/30/03), 857 So.2d 1162, 1167, writ denied, 03-3058 (La.2/20/04), 866 So.2d 818.
The other distribution of cocaine sentences, found in appeal numbers 04-761 and 04-765, are subject to the benefit restrictions, since by the time these offenses were committed (between September 9, 1999 and March 21, 2000), the legislature had amended the penalty for distribution of cocaine to provide that the first five years of the sentence were to be served without benefit of parole, probation or suspension of sentence. See, LSA-R.S. 40:967(B)(4)(b) and 1997 La. Acts 1284, § 1, effective August 15, 1997. Therefore, the trial judge properly restricted parole eligibility for these offenses, but failed to state that the sentences were to be without benefit of probation or suspension of sentence. Under LSA-R.S. 15:301.1, a statute's requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating. See, State v. Converse, 03-711 (La.App. 5 Cir. 12/30/03), 864 So.2d 803, 811, writ denied, 04-195 (La.6/4/04), 876 So.2d 74. Therefore, we find no need to correct the sentence to impose these sentencing restrictions.
For the reasons set forth herein, we affirm defendant's convictions and sentences. The matter is remanded to the trial court with instructions to correct the *1075 commitment in accordance with this opinion.
AFFIRMED, REMANDED WITH INSTRUCTIONS.
NOTES
[1] At the plea colloquy, defendant admitted that his real name was Jasper Beverly, but that he was also known with the surnames of Jackson and Carr.
[2] Two different attorneys filed various pre-trial motions on defendant's behalf. However, the only motion pertinent to this appeal is the motion to continue.
[3] As pointed out by the state, defendant did not specify which pre-plea ruling he intended to reserve for appeal at the time he entered his Crosby plea. See State v. Joseph, 03-315 (La.5/16/03), 847 So.2d 1196. However, defendant filed a written motion for appeal two days later, which did specifically list, as the basis for his appeal, the trial court's denial of his motion for continuance. Considering that defendant specifically delineated, in the written motion for appeal, the trial court's denial of his motion to continue, we will address the merits of defendant's assignment of error.
[4] Pursuant to LSA-C.Cr.P. art. 707, defendant should have filed a written motion to continue. Nonetheless, in an abundance of caution, we will review the denial of his oral motion. See State v. Bartley, 03-1382 (La.App. 5 Cir. 3/30/04), 871 So.2d 563, 567, writ denied, 04-1055 (La.10/1/04), 883 So.2d 1006.
[5] It is noted that, in one sentence of defendant's brief, he asserts that this court should set aside his guilty pleas as involuntarily entered if it is determined that defendant is not entitled to appeal the denial of the continuance. Since we addressed the merits of defendant's assignment, this argument is moot.