STATE OF LOUISIANA                          NO. 25-K-26

VERSUS                                      FIFTH CIRCUIT

ROBERTO LOPEZ                               COURT OF APPEAL

                                            STATE OF LOUISIANA

_____ January 22, 2025 _____

Susan Buchholz
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 21-5762

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Timothy S. Marcel

**WRIT GRANTED,
REMANDED WITH INSTRUCTIONS**

Relator, the State of Louisiana, through the Jefferson Parish District Attorney ("State"), seeks review of the trial court's January 17, 2025 denial of its motion to continue the *Daubert* hearing and granting defendant's motion to exclude Dr. Anne Troy as a witness at trial. For the following reasons, the writ application is granted.

On April 4, 2024, a Jefferson Parish Grand Jury returned a three-count true bill of indictment against defendant, Roberto Lopez. That bill of indictment charges defendant with (1) First Degree Rape upon a known juvenile under the age of 13 years, occurring between April 12, 2014 and June 1, 2016, in violation of La. R.S. 14:42; (2) Sexual Battery upon a known juvenile under the age of 13 years, occurring between April 12, 2014 and June 1, 2016, in violation of La. R.S. 14:43.1; and, Indecent Behavior with a Juvenile under the age of 13 years, occurring between April 12, 2014 and June 1, 2016, in violation of La. R.S. 14: 81.[1]

_____

[1]     The Bill of Indictment supersedes a two-count Bill of Information filed December 12, 2021 charging defendant with: (1) Sexual Battery of a juvenile under the age of thirteen years, in violation of La. R.S. 14:41.1, occurring between April 12, 2014 and June 1, 2016; and (2) Indecent Behavior with a Juvenile under the age of thirteen years, in violation of La. R.S. 14:81, occurring between April 12, 2014 and June 1, 2016.

The first trial of defendant, which commenced on August 27, 2024, ended in a mistrial on August 29, 2024. Before that trial, on March 7, 2023, the State filed notice of its intent to call Dr. Anne Troy as an expert witness pursuant to La. C.Cr.P. art 719. On July 9, 2023, defendant filed a motion *in limine* to exclude Dr. Troy as a witness at trial on grounds the State failed to comply with La. C.Cr.P. art. 719. The district court denied defendant's motion on August 1, 2024. Defendant's writ applications from this ruling were denied by this Court on August 19, 2024 (*State v. Lopez,* 2024 WL 4057599, 24-373 (La. App. 5 Cir. 8/19/24) (Unpublished)) and by the Louisiana Supreme Court on August 21, 2024 (*State v. Lopez*, 391 So.3d 678 (Mem), 24-01048 (La. 8/21/24)). Additionally, on August 25, 2024, two days before commencement of the first trial, defendant filed a Motion for *Daubert* Hearing Concerning Scientific Claims of State's Alleged Expert Anne Troy. The district court denied that motion on August 26, 2024. On the following day, August 27, 2024, defendant filed a Motion to Reconsider Defense Motion for *Daubert* Hearing Concerning Scientific Claims of State's Alleged Expert Anne Troy. The district court denied defendant's motion for reconsideration in a hearing before the trial started on August 28, 2024. As previously stated, the first trial of defendant ended in a mistrial.

On November 13, 2024, defendant filed a Motion to Reconsider Defense Motion for *Daubert* Hearing Concerning Scientific Claims of State's Alleged Expert Anne Troy. Defendant's motion challenges Dr. Troy's qualifications to provide expert testimony on the subject matter of "child maltreatment" and "delayed disclosure." The State filed a consolidated notice of intent to call two expert witnesses at trial, including Dr. Anne Troy, on November 14, 2025. On the same day, November 14, 2025, the district court granted defendant's motion to reconsider, and scheduled the *Daubert* hearing for January 13, 2025, and for re-trial to commence on January 28, 2025.

On January 13, 2025, on motion of the State, the district court ordered the *Daubert* hearing continued and rescheduled to January 16, 2025. On January 16, 2025, the State filed a Motion to Reconsider the Granting of a *Daubert* Hearing on Defense's Third Request. At the hearing on the same day, the district court denied the State's motion to reconsider. The State then requested a continuance of the *Daubert* hearing on grounds that Dr. Troy was unavailable to appear in court and testify. After the district court denied the State's motion to continue the *Daubert* hearing, defendant orally moved to exclude Dr. Troy as a witness at trial. In an apparent reconsideration of its prior ruling, the district court granted the State's motion to continue and rescheduled the *Daubert* hearing for January 17, 2025 at 10:00 a.m.

At the January 17, 2025 hearing, the State informed the district court that Dr. Troy was again unavailable to appear and testify and moved to continue the *Daubert* hearing. The State's explained that it was unable to secure Dr. Troy's appearance in court on any of the hearing dates set that week due to her scheduling conflicts. Alternate dates of Dr. Troy's availability for a *Daubert* hearing –

2

January 22nd by Zoom, and January 28th and January 29th in person – were reported to the district court.  The district court denied the State's motion to continue the *Daubert* hearing and granted defendant's motion to exclude Dr. Troy as a witness at trial.  The State's request to stay proceedings pending appellate review was also denied by the district court.  From these rulings, the State timely filed the instant writ application.

The State requests a stay of proceedings and/or expedited consideration of its writ application.  In its application, the State contends the district court abused its discretion in denying its request to continue the *Daubert* hearing and in excluding Dr. Troy as a witness at trial.  The State argues that its requests for continuances of the *Daubert* hearings was solely attributable to Dr. Troy's unavailability, which was outside of its control.  It points out that dates on which Dr. Troy will be available for hearing were provided to the district court; that it only requested a continuance of the *Daubert* hearing, and not a continuance of the defendant's trial on child rape charges set to begin on January 28, 2025.  Further, the State argues that testimonial evidence to be offered by Dr. Troy is highly relevant and that defendant will not be prejudiced by the district court conducting a "late" *Daubert* hearing.  As such, the State argues, the district court's application of La. C.Cr.P. art. 729.5 to exclude Dr. Troy was a trial witness was an abuse of discretion.

A continuance is the postponement of a scheduled trial or hearing. La. C.Cr.P. art. 708.  The absence or unavailability of a witness are grounds for a continuance. La. C.Cr.P. art. 709.  Also, a court may grant a timely filed motion for continuance if good grounds exist. La. C.Cr.P. art. 712.  A continuance or recess to secure the presence of a witness must be supported by: (1) the facts to which the absent witness is expected to testify and the materiality thereof, (2) the probability that the witness will be available at the time to which the trial is deferred, and (3) due diligence in attempting to procure the witness for the trial. *State v. Arabie*, 07-806 (La. App. 5 Cir. 3/11/08), 982 So.2d 136, 141, *writ denied*, 08-0928 (La. 11/21/08), 996 So.2d 1104.

Granting or denying of a motion to continue lies within trial court's broad discretion. *State v. Matthews*, 95-1245 (La. App. 4 Cir. 8/21/96), 679 So.2d 977, 983, *writ denied*, 96-2332 (La. 1/31/97), 687 So.2d 403.  The denial of a motion for continuance is not grounds for reversal absent abuse of discretion and a showing of specific prejudice. *State v. Jackson*, 04-758 (La. App. 5 Cir. 11/30/04), 889 So.2d 1071, 1073.

In the instant case, the district court denied the State's motion to continue the hearing on defendant's *Daubert* motion and issued an order prohibiting that witness from testifying at trial.  Dr. Troy, the State's expert witness challenged by defendant's *Daubert* motion, was unavailable to testify on the scheduled motion hearing dates.  Alternative available dates prior to commencement of trial for Dr. Troy's appearance and testimony in the *Daubert* hearing were presented to the

25-K-26

district court. Flowing from its denial of the State's motion to continue, the district court ordered the State's expert witness excluded from testifying at trial under La. C.Cr.P. art. 729.5, which states, in pertinent part:

> A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.

> * * * *

While broad discretion is afforded the district courts, the sanctions it imposes for contravening the discovery rules of the Louisiana Code of Criminal Procedure must be commensurate with resulting prejudice to the defendant from surprise testimony. *State v. Eldridge*, 378 So.3d 861 (La. App. 5 Cir. 12/20/23). Based on filings by the State in the case, the expected subject matter of Dr. Troy's testimony has been known to defendant since the early stages of the proceedings. As previously noted, defendant's *Daubert* motion challenges Dr. Troy's expertise to give opinion testimony on that subject matter. The content of Dr. Troy's expected testimony is known to defendant.

Considering the State satisfied the requirements of demonstrating the unavailability of Dr. Troy was beyond its control, provided alternative dates which she is available prior to trial to appear for a hearing on defendant's *Daubert* motion, and the materiality of the expected testimony from Dr. Troy, we find the district court abused its discretion in denying the State's motion to continue on January 17, 2025. Further, the exclusion Dr. Troy as a trial witness in this case without conducting a *Daubert* hearing to determine her qualifications for providing opinion testimony on a subject matter which has been known to defendant was an abuse of discretion by the district court and prejudicial to the State.

For the foregoing reasons, we grant the State's writ, reverse the district court's January 17, 2025 orders denying the State's motion to continue the hearing on defendant's *Daubert* motion and excluding Dr. Troy as a trial witness in this case, and remand this matter with instructions for the district court to reschedule the *Daubert* motion hearing to a date on which Dr. Troy is reported to be available. The State's request for a stay is denied.

Gretna, Louisiana, this 22nd day of January, 2025.

**TSM**
**JGG**

25-K-26

STATE OF LOUISIANA                                    NO. 25-K-26

VERSUS                                                FIFTH CIRCUIT

ROBERTO LOPEZ                                         COURT OF APPEAL

                                                      STATE OF LOUISIANA


### MOLAISON, J., CONCURS WITH REASONS

Upon reviewing the application, I find the trial court's evident frustration to be understandable. This case has already experienced a mistrial and was subsequently scheduled for retrial. However, the potential delay of the second trial appears to have been caused by avoidable circumstances. Specifically, the State has not adequately explained its decision to wait until after the commencement of the *Daubert* proceeding to inform the trial court of Dr. Troy's absence. This lack of timely communication deprived the court of the opportunity to proactively compel Dr. Troy's appearance through a subpoena, which could have mitigated the resulting inconvenience and delay.

As the majority correctly observes, trial courts possess considerable discretion in granting continuances or imposing sanctions. While I appreciate the importance of adhering to previously scheduled trial dates, I believe the exclusion of a witness as a penalty is unnecessarily severe in this instance. Alternative measures could be employed to ensure the case proceeds in a timely manner without unduly compromising the administration of justice. Accordingly, I respectfully concur.

**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/22/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**25-K-26**

## E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Darren A. Allemand (Relator)                 Thomas J. Butler (Relator)

## MAILED

Christen E. DeNicholas (Respondent)
Attorney at Law
848 Second Street
3rd Floor
Gretna, LA 70053

P. Lindsey Williams (Respondent)
Attorney at Law
848 Second Street
Gretna, LA 70053

Honorable Paul D. Connick, Jr. (Relator)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053